**Renee L. CHAMBERS, et al., Plaintiffs,**

v.

**Richard DeY. MANNING, Defendant.**

**Civil No. 3:95CV00419 (PCD).**

United States District Court,
D. Connecticut.

Aug. 22, 1996.

1996.

Joanne Faulkner, Law Offices of Joanne Faulkner, New Haven, CT, for Plaintiffs.

Frank G. Usseglio, Updike, Kelly & Spellacy, P.C., Hartford, CT, Christopher Brigham, Updike, Kelly & Spellacy, P.C., New Haven, CT, for Defendant.

### RULING ON MOTION FOR ATTORNEY'S FEES

DORSEY, Chief Judge.

Plaintiffs move for attorney's fees after accepting defendant's offer of judgment. Defendant's offer was made pursuant to Fed. R.Civ.P. 68, which allows "a party defending against a claim ... [to] offer [that] judgment ... be taken against [him] for the money ... specified in the offer."

Defendant offered judgment "in the amount of ... $10,000.00." The offer made no mention of attorney's fees. Plaintiffs' acceptance stated: "[u]nder the case law for the wording of defendant's Offer, plaintiffs' attorneys [sic] fees ... are to be awarded by the Court."

Defendant argues that attorney's fees were included in his offer and that, therefore, plaintiffs may not seek them through the present motion. Defendant contends that his

offer was unambiguous and that, even if it was not, extrinsic evidence suggests that fees were included.

Defendant made these claims in a prior motion and also asserted that plaintiffs' acceptance of his offer was ineffective and failed to form a contract. A December 14, 1995 ruling rejected these arguments, stating: "[i]f defendant [had] intended for the $10,000 to include attorney's fees, he could have said so explicitly in his [o]ffer of [j]udgment."

## I. DISCUSSION

Under "law of the case" principles, the December 14 ruling should continue to govern at this time. *See Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). A ruling may be re-examined and changed, however, if it was "clearly erroneous" and would work "manifest injustice." *Id.* at 618, n. 8, 103 S.Ct. at 1391, n. 8. In the interest of guarding against error and injustice, the December 14 ruling will be reconsidered.

### A. Reconsideration of December 14 Ruling

Rule 68 offers and acceptances are construed according to ordinary contract principles. *See Goodheart Clothing Co. v. Laura Goodman Enters., Inc.*, 962 F.2d 268, 272 (2d Cir.1992). Defendant raises issues of contract formation and interpretation, which will be discussed seriatim.

#### 1. Contract Formation

A contract is not formed unless the parties mutually assent. *Ubysz v. DiPietro*, 185 Conn. 47, 51, 440 A.2d 830, 833 (1981). Mutual assent is determined from the parties' acts and words, not from their subjective intentions. *Hotchkiss v. National City Bank*, 200 F. 287, 293 (S.D.N.Y.1911), *aff'd*, 201 F. 664 (2d Cir.1912), *aff'd*, 231 U.S. 50, 34 S.Ct. 20, 58 L.Ed. 115 (1913). An aspect of the requirement of mutual assent is the "mirror image" rule. *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 403 (8th Cir.1988). The rule requires that an acceptance mirror the offer. E. ALLAN FARNSWORTH, CONTRACTS § 3.21, at 170 (2d ed. 1990). If the offeree attempts to add to, or change, terms of the offer, his response is transformed from an acceptance into a rejection and counteroffer. *Id.*

Plaintiffs' response did not mirror defendant's offer. It contained a term on attorney's fees which the offer did not mention.

This addition did not necessarily prevent formation of a contract, however. "Courts have ... developed techniques to mitigate the harshness of the mirror image rule. One technique is ... to read the offer as already containing by ... implication the apparent variation made by the offeree and to find an acceptance of a contract on the offeree's terms...." *Id.*

Use of this technique is appropriate here. As discussed below, defendant's offer may be implied by law to have excluded attorney's fees. Moreover, it seems that the parties did intend to enter into a contract: the wording of their offer and acceptance shows that they agreed to settle for $10,000. The only question is whether attorney's fees were included in the $10,000. The issue, then, is not so much contract formation as it is contract interpretation.

#### 2. Contract Interpretation

A contract is interpreted according to the parties' intentions. *Barnard v. Barnard*, 214 Conn. 99, 109, 570 A.2d 690, 696 (1990). The parties' intentions are determined from the contract language. *Id.* at 109–10, 570 A.2d at 696. Extrinsic evidence is not consulted if the contract language is unambiguous. *Goodheart Clothing Co.*, 962 F.2d at 272. Contract language is unambiguous if it has "a definite and precise meaning, unattended by danger of misconception...." *Id.* (citations omitted). Conversely, "[c]ontract language is ambiguous if it is reasonably susceptible of more than one interpretation...." *Id.* (citation omitted).

##### a. Ambiguity

In the present case, the contract language is ambiguous. It may reasonably be interpreted as excluding, or as including, attorney's fees.

Defendant argues that his offer cannot be interpreted as *excluding* attorney's fees because it was clearly a lump-sum settlement of all liability. Defendant's offer is far from clear, however, given his silence on attorney's fees. *See, e.g., Radecki,* 858 F.2d at 400 (finding ambiguity when offer was silent on attorney's fees).

■ Plaintiffs argue that the offer cannot be interpreted as *including* attorney's fees because Rule 68 mandates fee awards when offers do not expressly exclude them. This is not correct. Rule 68 requires awards of "costs" when offers do not exclude them. *See Marek v. Chesny,* 473 U.S. 1, 6, 105 S.Ct. 3012, 3015, 87 L.Ed.2d 1 (1985). Attorney's fees are included as part of costs only when the underlying statute so defines them. *Id.* at 9, 105 S.Ct. at 3016–17 (construing 42 U.S.C. § 1988). The present case does not involve statutes that define attorney's fees "as part of" costs. *See* 15 U.S.C. § 1692k(a) (1994) ("costs ... together with a reasonable attorney's fee"); CONN.GEN.STAT. § 42–110g(d) (1993) ("costs and reasonable attorneys' fees"). Therefore, Rule 68 does not mandate a fee award simply because defendant's offer failed to exclude one.

### b. Conclusion

■ Given the ambiguity in defendant's offer, there are two options. Some courts have looked to extrinsic evidence to resolve ambiguity in Rule 68 offers. *See, e.g., Radecki,* 858 F.2d at 400–01. Other courts have declined to examine extrinsic evidence and have instead construed ambiguity against the offeror. *See Said v. Va. Commw. Univ./Medical College of Va.,* 130 F.R.D. 60, 63 (E.D.Va.1990); *Shorter v. Valley Bank & Trust Co.,* 678 F.Supp. 714, 719–720 (N.D.Ill. 1988); *see also Rateree · v. Rockett,* 668 F.Supp. 1155, 1158–59 (N.D.Ill.1987). The Second Circuit has not adopted either approach.

The latter approach seems preferable because it forces a defendant to be precise about the terms of his offer. If a plaintiff rejects a Rule 68 offer and receives a less favorable final judgment, she is liable for the costs incurred after the offer's making. FED. R.CIV.P. 68. Given this potential, a plaintiff should be able to know the exact terms of an offer before accepting or rejecting it. *Said,* 130 F.R.D. at 63. She should not be left to guess how courts will interpret extrinsic evidence of what is, and is not, included in the offer. *Said,* 130 F.R.D. at 63; *Shorter,* 678 F.Supp. at 720. Rather, a defendant should state his intentions clearly, and any failure to do so will be at his peril. *See id.*

The same is suggested by ordinary contract principles, under which ambiguous contract language is construed against its drafter. *See Sturman v. Socha,* 191 Conn. 1, 9, 463 A.2d 527, 531 (1983). This practice is further supported by Rule 68's "plain purpose of ... encourag[ing] settlement and avoid[ing] litigation." *Marek,* 473 U.S. at 5, 105 S.Ct. at 3014. "To subject Rule 68 offers to ... collateral proceedings would undermine entirely the purpose of the rule." *Sas v. Trintex,* 709 F.Supp. 455, 458 (S.D.N.Y. 1989). Protracted proceedings would inevitably occur if courts slogged through extrinsic evidence and did not immediately and definitively construe ambiguity against the offeror.

Finally, the practice of demanding clarity from the offeror is supported, in the present case, by the policy behind statutory fee provisions. Fee awards are designed to encourage lawyers to act as private attorneys general. *See Graziano v. Harrison,* 950 F.2d 107, 113 (3d Cir.1991) (construing 15 U.S.C. § 1692k(a)); *see also Hernandez v. Monterey Village Assocs. Ltd. Partnership,* 17 Conn. App. 421, 425, 553 A.2d 617, 619 (1989) (construing Conn.Gen.Stat. § 42–110g(d)). Courts should thus require that fee waivers be especially clear, lest they chill the representation that the legislature has chosen to promote. *Cf. Erdman v. Cochise County, Ariz.,* 926 F.2d 877, 880 (9th Cir.1991) (fee waivers in civil rights cases must be "clear and unambiguous").

Accordingly, the December 14 ruling is adhered to: if defendant had intended for his offer to include fees, he could have said so explicitly. His failure to do so will be construed against him.

### B. Fee Award

■ Principles that govern fee awards in civil rights cases also govern here. *See Hol-*

lis v. Roberts, 984 F.2d 1159, 1161 (11th Cir.1993) (applying to 15 U.S.C. § 1692k(a) factors articulated in connection with 42 U.S.C. § 1988); see also Steiger v. J.S. Builders, Inc., 39 Conn.App. 32, 38–39, 663 A.2d 432, 435–36 (1995) (applying to Conn. Gen.Stat. § 42–110g(d) factors articulated in connection with 42 U.S.C. § 2000e).

Plaintiffs are prevailing parties entitled to attorney's fees. See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791–92, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) (Plaintiffs are prevailing parties when they "succeed[ ] on 'any significant issue ... which achieve[s] some ... benefit ... sought in ..: [the] suit.' ") (citation omitted); see also Maher v. Gagne, 448 U.S. 122, 129, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980) ("The fact that [plaintiff] prevailed through a settlement rather than through litigation does not weaken her claim to fees.").

The amount of fees to which plaintiffs are entitled is determined by multiplying reasonable hours by reasonable rates and then adjusting the resulting fee upward or downward to reflect other factors, such as degree of success. See Blum v. Stenson, 465 U.S. 886, 897 n. 14, 104 S.Ct. 1541, 1548 n. 14, 79 L.Ed.2d 891 (1984); see also Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (1974) (identifying 12 adjustment factors). Under this approach, plaintiffs are entitled to attorney's fees in the amount of $4,004.

## II. CONCLUSION

For the foregoing reasons, plaintiffs' application for fees (doc. 41–1) is granted in part and denied in part. Attorney's fees are awarded in the amount of $4,004, which defendant shall pay on or before September 27, 1996.

SO ORDERED.