Steven SHAPIRO, Plaintiff,

v.

CREDIT PROTECTION ASSOCIA-
TION I, INC. and Blockbuster
Video, Inc., Defendants.

No. 98 Civ. 8281(RWS).

United States District Court,
S.D. New York.

June 24, 1999.

Adam J. Fishbein, Uniondale, NY, for Steven Shapiro.

## MEMORANDUM OPINION

SWEET, District Judge.

By motion dated February 12, 1999, counsel for plaintiff Steven Shapiro ("Shapiro") has applied for attorney's fees of $2,977.50 in an action, brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA" or the "Act"), in which his client accepted an offer of judgment from defendants Credit Protection Association I, Inc. ("CPAI") and Blockbuster Video, Inc. ("Blockbuster"). For the reasons set forth below the application will be granted and a reasonable attorney's fee of $375 will be awarded.

"Mistakes were made," *see* Cindy Hall, *Watergate Retrospective Quotes of the Famous and the Infamous,* Gannett News Serv., June 10, 1992, and this application establishes that the complications encountered in rectifying the mistakes are far greater than the amounts involved.

### Discussion

Shapiro owed Blockbuster $132.94. Blockbuster demanded payment in a letter containing language that Shapiro and his counsel, experienced in FDCPA matters, believed to be actionable. A complaint was filed on November 20, 1998, and a pretrial conference was scheduled by the Court. On February 10, 1999, before the pretrial conference, Blockbuster and CPAI made an offer of judgment, pursuant to Rule 68, Fed.R.Civ.P., "in the sum of $1,300, which amount includes costs accrued to date." (Defs.' Aff.Opp.Req. Att'ys' Fees Ex. C.)

According to Blockbuster and CPAI, at the February 10, 1999 pretrial conference counsel met and plaintiff's counsel Adam J. Fishbein, Esq. ("Fishbein") allegedly inquired of Diane K. Kanca, Esq. ("Kanca"), attorney for the defendants, whether the offer of judgment included attorney's fees. Kanca recalls responding that it did. Fishbein contests this version of events.

The very next day Fishbein by letter accepted the offer of judgment, claiming that he reserved the right to make a fee application. Kanca responded, stating her position that fees were included in the offer of judgment. Shortly thereafter, Fishbein submitted the instant motion. While oral argument was scheduled for April 14, 1999, plaintiff's counsel did not appear for argument and the motion was taken on submission. Papers were received by the Court through May 20, 1999, at which time the instant motion was deemed fully submitted.

■■■ Under the FDCPA, a prevailing plaintiff may be awarded actual damages, *see* 15 U.S.C. § 1692k(a)(1), as well as "additional" or "statutory" damages, at the discretion of the court, of up to $1000. *See* 15 U.S.C. § 1692k(a)(2)(A). To determine the amount of a defendant's liability under § 1692k(a)(2)(A), courts are to consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). The amount of statutory damages is wholly within the discretion of the court.

■■■ Congress specifically provided by statute that successful plaintiffs in FDCPA cases are entitled to reasonable attorney's fees. *Pipiles v. Credit Bureau,* 886 F.2d 22, 28 (2d Cir.1989); *Emanuel v. American Credit Exchange,* 870 F.2d 805, 808–09 (2d Cir.1989). As 15 U.S.C. § 1692k(a)(3) provides, a plaintiff bringing an action under the FDCPA is entitled to "the costs of

the action, together with a reasonable attorney's fee as determined by the court." This entitlement may exist even where a court awards no actual or "statutory" damages. *See Savino v. Computer Credit, Inc.,* 164 F.3d 81, 87 (2d Cir.1998); *Emanuel,* 870 F.2d at 809.

Defendants' offer of judgment was clear on its face, and stated that it included costs. The inclusion of costs did not make the offer ambiguous, since lawyers, above all, know the difference between fees and costs. Because the FDCPA does not itself contemplate attorney's fees as part of costs, *see Chambers v. Manning,* 169 F.R.D. 5, 8 (D.Conn.1996), the offer of judgment in this case did not, on its face, cover attorney's fees.

Even were there some ambiguity in the language of the offer, however, that ambiguity would be appropriately resolved against the defendants. In *Chambers,* a FDCPA case in which litigants disputed the inclusion of attorney's fees in a Rule 68 offer of judgment, the court observed:

> The latter approach [construing ambiguity against the offeror] seems preferable because it forces a defendant to be precise about the terms of his offer. If a plaintiff rejects a Rule 68 offer and receives a less favorable final judgment, she is liable for the costs incurred after the offer's making. Fed.R.Civ.P. 68. Given this potential, a plaintiff should be able to know the exact terms of an offer before accepting or rejecting it. She should not be left to guess how courts will interpret extrinsic evidence of what is, and is not, included in the offer. Rather, a defendant should state his intentions clearly, and any failure to do so will be at his peril.
>
> The same is suggested by ordinary contract principles, under which ambiguous contract language is construed against its drafter.

169 F.R.D. at 8 (citations omitted).

The offer was not withdrawn when the issue of fees was allegedly raised on February 10, and was accepted on behalf of Shapiro, who thereby became entitled to receive the $1,300.

Under the statute Shapiro is entitled to reasonable attorney's fees. Since the maximum statutory award under the Act is $1,000, Blockbuster and CPAI presumably intended that $300 of their offer of judgment would be applied to compensate Fishbein. Regrettably, the offer did not so state.

Fishbein affirms that he charges $175 an hour. There is no basis in the record to doubt this affirmation, and this rate would appear to be typical for this district. He opened a file, prepared a simple, four-page complaint, and attended a pretrial conference, tasks reasonably accomplished in three hours for an attorney with "extensive experience in FDCPA litigation both in filing individual actions and class actions." (Fishbein Aff. ¶ 6) Accordingly, Fishbein is entitled to a fee of $525. Costs were $150, and Shapiro has presumably received $150, leaving a reasonable fee to be paid of $375. This fee is all the more reasonable given the likelihood that Shapiro's current recovery of attorney's fees is fortuitous windfall from a drafting error.

### Conclusion

For the reasons set forth above, Shapiro is entitled to recover $375 from defendants for attorneys' fees.

It is so ordered.