2004 WY 58

**THE REAL ESTATE PROS, P.C., a Wyoming corporation; and Debera S. Gibbs, d/b/a Real Estate Pros, Appellants (Plaintiffs),**

v.

**Dr. James R. BYARS, Jr., Appellee (Defendant).**

No. 03–86.

Supreme Court of Wyoming.

May 19, 2004.

Representing Appellant: Andrea L. Richard and John A. Coppede of Rothgerber Johnson & Lyons LLP, Cheyenne, Wyoming.

Representing Appellee: Richard Mathey, Green River, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1]   Real Estate Pros, P.C. (Real Estate Pros) a real estate agency, sued Dr. James R. Byars, Jr. (Dr. Byars) for breach of an exclusive listing contract.  After accepting an offer of settlement from Dr. Byars pursuant to Rule 68 of the Wyoming Rules of Civil Procedure, Real Estate Pros filed a motion for attorneys' fees, which were provided for in the contract.  The district court denied the motion, finding the offer, which stated it was "in full and final satisfaction of all claims of Plaintiffs against Defendant," included Real Estate Pros' claim for attorneys' fees.  We affirm.

## ISSUE

[¶ 2]   The parties agree the issue presented is as follows:

Whether the district court erred in denying appellants' Motion for Attorneys' Fees?

## FACTS

[¶ 3]   On April 21, 1997, Real Estate Pros entered into an "Exclusive Right to Sell Listing Contract" ("listing contract") with Dr. Byars to sell five lots that he owned.  The contract between the parties provided the breaching or defaulting party would pay all reasonable attorneys' fees incurred by the nonbreaching party in enforcing the contract.

[¶ 4]  Nearly two years after listing the property, Frank Pirtz expressed interest in two of Dr. Byars' lots. Dr. Byars entered into a contract with Mr. Pirtz, under which Mr. Pirtz agreed to perform work on all five lots in exchange for the two lots. In September 2000, Dr. Byars executed a deed transferring the two lots to Mr. Pirtz. Dr. Byars did not pay a commission to Real Estate Pros as a result of the transaction. Consequently, Real Estate Pros filed suit to enforce the listing contract.

[¶ 5]  The amended complaint asserted four claims: (1) breach of exclusive right to sell listing contract, (2) breach of oral contract, (3) breach of implied contract, and (4) promissory estoppel. Following discovery, both parties filed motions for summary judgment. On September 23, 2002, Dr. Byars made a Rule 68 offer to Real Estate Pros, which stated as follows:

COMES NOW, James R. Byars, Jr., Defendant herein, and pursuant to Rule 68, W.R.C.P, hereby offers the following in full and final satisfaction of all claims of Plaintiffs against Defendant herein:

a.  Judgment against Defendant in the amount of $9,720.00, plus costs accrued to date.

b.  Dismissal with prejudice of all counterclaims presently pending herein against Plaintiffs.

[¶ 6]  On September 27, 2002, Real Estate Pros accepted the offer. In accordance with Rule 68, the district court entered judgment against Dr. Byars and for Real Estate Pros in the amount of $9,720.00, plus costs. On October 15, 2002, Real Estate Pros filed a motion for attorneys' fees, pursuant to the terms of the listing contract, seeking over $44,000. After a hearing, the district court denied the motion finding Real Estate Pros had agreed to settlement of all of its claims, including its claim for attorneys' fees. This appeal followed.

## STANDARD OF REVIEW

[¶ 7]  Although this case is an appeal from a motion denying attorneys' fees, we are not deciding whether or not the district court abused its discretion in determining an award of attorneys' fees. Rather, we must consider whether or not the district court properly interpreted the Rule 68 offer as including the claim for attorneys' fees. An offer of judgment is generally treated as an offer to make a contract. *Hennessy v. Daniels Law Office,* 270 F.3d 551, 553 (8th Cir.2001). *See also Johnson v. Johnson,* 310 S.C. 44, 425 S.E.2d 46 (Ct.App.1992). In contract litigation, when the terms of the agreement are unambiguous, the interpretation is a question of law. *Double Eagle Petroleum & Mining Corp. v. Questar Exploration & Production Co.,* 2003 WY 139, ¶ 7, 78 P.3d 679, ¶ 7 (Wyo.2003). Whether a contract is ambiguous is a question of law for the reviewing court. *Boley v. Greenough,* 2001 WY 47, ¶ 10, 22 P.3d 854, ¶ 10 (Wyo. 2001). We review questions of law *de novo* without affording deference to the decision of the district court. *Id.* According to our established standards for interpretation of contracts, the words used in the contract are afforded the plain meaning that a reasonable person would give to them. *Id.*

## DISCUSSION

[¶ 8]  Given the fact that Dr. Byars' Rule 68 offer did not mention attorneys' fees, Real Estate Pros claims the district court erred in concluding the claim for attorneys' fees was included in the offer. Dr. Byars responds that because his offer was made "in full and final satisfaction of all claims," and Real Estate Pros' complaint included a specific claim for attorneys' fees, that claim was included in the offer. Real Estate Pros' second amended complaint stated in pertinent part:

¶ 28:  The contract provides "In the event that any party shall become in default or breach of any of the terms of this Contract, such defaulting or breaching party shall pay reasonable attorney's fees and other expenses which non-breaching or non-defaulting party may incur in enforcing this Contract. . . ."

¶ 29:  The Plaintiffs have incurred and will continue to incur attorney's fees in connection with their attempt to enforce the contract. The Plaintiffs are therefore entitled to recover their attorney's fees incurred in

connection with their efforts to recover the commission due and owing from the Defendant as a result of the exchange of Lots 4 and 5 of the property at issue.

[¶ 9] The purpose of Rule 68 is to encourage settlement. *Duffy v. Brown*, 708 P.2d 433, 440 (Wyo.1985); *see also Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). The rule provides:

At any time more than 60 days after service of the complaint and more than 30 days before the trial begins, any party may serve upon the adverse party an offer, denominated as an offer under this rule, to settle a claim for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. As used herein, "costs" does not include attorney's fees. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of settlement under this rule, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

[¶ 10] Rule 68 accomplishes its objective of encouraging settlement by providing an expeditious process that forces the parties to weigh the costs and benefits of further litigation. *Utility Automation 2000, Inc. v. Choctawhatchee Electric Coop., Inc.*, 298 F.3d 1238, 1240 (11th Cir.2002). Any party can make a firm, non-negotiable offer of judgment. *Id.* Unlike traditional settlement negotiations in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or reject the offer. *Id.* An offer under Rule 68 must be for a definite or ascertainable amount and later proof cannot cure any defect in the offer since the party to whom the offer was made must base its decision to accept or reject solely on what is contained within that offer. *Snodgrass v. Rissler & McMurry Co.*, 903 P.2d 1015, 1018 (Wyo. 1995). A Rule 68 offer is not simply an offer of settlement, but an offer that judgment can be entered on specified terms. If the offer is accepted, the court automatically enters judgment in favor of the offeree; if the offer is refused, the case proceeds. The rule encourages plaintiffs to accept reasonable offers through what is referred to as "cost-shifting." It requires a party who refuses an offer, and then ultimately recovers less than the offer amount, to pay the costs incurred by the offeror from the time the offer was made. The rule specifies that those "costs" do not include attorneys' fees. Through this cost shifting, "the Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Utility Automation*, 298 F.3d at 1240 (citation omitted).

[¶ 11] As a general matter, Rule 68 offers are interpreted according to contract law principles. Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* Civil 2d § 3002 at 95 (2001 Supp.) For example, courts have consistently held an ambiguous Rule 68 offer of judgment should be construed against the offeror. *First Financial Insurance Co. v. Hammons*, 58 Fed. Appx. 31, 34, 2003 WL 264700 (4th Cir.2003). *See Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 391 (7th Cir.1999) (holding that "any ambiguities in a Rule 68 offer must be resolved against the [offeror]"); *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 833 (9th Cir.1997) (concluding that "the 'usual rules of contract construction' apply to a Rule 68 offer of judgment" and "therefore, ambiguities are

construed against the offeror") (citations omitted). Ambiguities in a Rule 68 offer "must be resolved against the defendant ..., not only because the defendant drafted the offer but also because the plaintiff is being asked to give up his right to a trial." *First Financial Insurance Co.* 58 Fed. Appx. at 34 (quoting *Nordby,* 199 F.3d at 391–92).

[¶ 12] However, the dynamics of customary contract negotiation are altered by the operation of the rule and its cost shifting features. Wright, Miller & Marcus, *supra* at 94. The contract law analogy is just that, an analogy—the consequences of rejecting a Rule 68 offer are more serious than those of rejecting an ordinary contract offer. *Nordby,* 199 F.3d at 392. As a result, courts have considered interpretation of Rule 68 offers somewhat differently than contracts generally.

Were the agreement between the parties a simple contract, we might be inclined to consider the history of the negotiations. Ambiguous contract terms compel a court to look to extrinsic evidence, and it *might* fairly be said that the terms of [defendant's] offer create an ambiguity as to [plaintiff's] attorneys' fees.

But the arrangement here is not a simple contract; it involves an accepted offer of judgment, and there is a difference. Courts should be much more reluctant to conclude that an offer of judgment is ambiguous. If a common, garden-variety offer to contract is unclear, the offeree is free to reject the offer or attempt to clarify it. An offeree who accepts an ambiguous offer is in no position to complain if a court called upon to interpret the contract turns to extrinsic evidence. By contrast, a plaintiff who receives a Rule 68 offer is in a difficult position, because "a Rule 68 offer has a binding effect when refused as well as when accepted." Unless the defendant allows the plaintiff to resolve or eliminate ambiguities, the plaintiff will be forced to guess whether and how the court would interpret the extrinsic evidence. Adherence to the language of the offer whenever possible alleviates this unfairness to the plaintiff.

*Shorter v. Valley Bank & Trust Co.,* 678 F.Supp. 714, 719–720 (D.C.Ill.1988) (citations omitted).

[¶ 13] With regard to whether Rule 68 offers that are silent on the issue of attorneys' fees are ambiguous, courts have taken two different approaches. Some courts require specific mention of attorneys' fees in the offer before acceptance of the offer would bar those claims. *See Webb v. James,* 147 F.3d 617 (7th Cir.1998); *Nusom,* 122 F.3d 830; *Chambers v. Manning,* 169 F.R.D. 5 (D.Conn.1996). In *Webb,* an offer "of judgment in the above-captioned matter in the amount of Fifty Thousand Dollars ($50,000)" made no mention of attorneys' fees. *Webb,* 147 F.3d at 619. The court found the offer ambiguous because attorneys' fees are often sought as an add-on to the judgment and construed it against the drafter so that the offer did not bar a later claim for attorneys' fees.

[¶ 14] In *Nusom,* the Ninth Circuit Court of Appeals found that "a Rule 68 offer for judgment in a specific sum together with costs, which is silent as to attorney fees, does not preclude the plaintiff from seeking fees when the underlying statute does not make attorney fees a part of the costs." *Nusom,* 122 F.3d at 835. Likewise, in *Chambers v. Manning,* 169 F.R.D. 5 (D.Conn.1996), the court stated, "if Defendant had intended for his offer to include fees, he could have said so explicitly. His failure to do so will be construed against him." *Chambers,* 169 F.R.D. at 8. Like *Webb* and *Chambers,* the *Nusom* court examined the specific language in the offer of judgment, and reached a similar conclusion: that the offer's silence regarding attorneys' fees created ambiguity with respect to whether the $15,000 sum included attorneys' fees. The court concluded such ambiguity must be resolved against the drafter, and therefore the accepting party was not barred from seeking attorneys' fees *Nusom,* 122 F.3d at 835.

[¶ 15] However, even if an offer is silent as to whether it includes attorneys' fees, other circumstances in the case may make it clear that the offer does include attorneys' fees. Moore's Federal Practice, Civil § 68.02, n. 17.3 (2004 Supp. LEXIS).

For example, *Nordby,* 199 F.3d at 391–93, involved a complaint in which one count claimed damages under a state law providing for an award of reasonable attorneys' fees. The court held that the plaintiff's acceptance of a Rule 68 offer of "$56,003.00 plus $1,000 in costs as one total sum as to all counts of the ... complaint" barred the plaintiff from later seeking an award of attorneys' fees. While the judge affirmed the above-stated notion that "ambiguities in Rule 68 offers are to be resolved against the offerors," and even encouraged defendants to include the words "attorneys' fees" in their Rule 68 offers, he rejected the "magic words approach ... in favor of an approach ... that gives effect to an unambiguous offer even if it does not mention attorneys fees explicitly." The court found that this offer unambiguously encompassed the claims made in all the counts, including the count that requested fees.

[¶ 16] The offer in *Nordby* was similar to the offer in the present case. We agree with the holding in *Nordby* and find nothing ambiguous about an offer that refers to "all claims" of the plaintiff against the defendant.

Dr. Byars' offer "in full and final satisfaction of all claims of Plaintiffs against Defendant" can only mean one amount for settlement of all claims made by the plaintiff, including the claim for attorneys' fees. The lack of the exact words "attorneys' fees" in Dr. Byars' offer does not render it ambiguous when it is considered in its entirety.

## CONCLUSION

[¶ 17] Having concluded that attorneys' fees were included in Dr. Byars' Rule 68 offer, we need not address the issue of whether the district court erred in applying a prevailing party standard. We affirm the district court's denial of Real Estate Pros' motion for attorneys' fees.