Cindy BUMBAL, Plaintiff–Appellant
and Cross–Appellee,

v.

Christopher M. SMITH, M.D., and Patrick
J. Lillis, M.D., P.C., d/b/a Lake Loveland
Dermatology, Defendants–Appellees and
Cross–Appellants.

No. 05CA0893.

Colorado Court of Appeals,
Div. III.

Feb. 8, 2007.

As Modified on Denial of Rehearing
April 19, 2007.

Certiorari Denied Aug. 27, 2007.

Leventhal, Brown & Puga, P.C., Benjamin Sachs, Timms R. Fowler, Lorraine E. Parker, Denver, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Kennedy Childs & Fogg, P.C., John R. Mann, Julie E. Haines, Denver, Colorado, for Defendants–Appellees and Cross–Appellants.

Opinion by Judge TAUBMAN.

Plaintiff, Cindy Bumbal, appeals the order denying her request for attorney fees and costs against defendants, Christopher M. Smith, M.D., and Patrick J. Lillis, M.D., P.C., d/b/a Lake Loveland Dermatology (collectively Lake Loveland), after she accepted the defendants' offer of settlement. We affirm.

Lake Loveland cross-appealed, but we later granted the defendants' motion to its their cross-appeal.

In 2002, Bumbal filed suit against Lake Loveland asserting negligence and deceptive trade practices pursuant to the Colorado Consumer Protection Act (CCPA), § 6–1–101, et seq., C.R.S.2006. She also included a demand for attorney fees pursuant to the CCPA.

In 2004, Lake Loveland made an offer of settlement that stated, "Pursuant to C.R.S. § 13–17–202 et sec. [sic], the defendants Christopher M. Smith, M.D., and Patrick J. Lillis, M.D., P.C. d/b/a Lake Loveland Dermatology offer to settle all claims with plaintiff Cindy Bumbal for $495,000.00."

The version of § 13–17–202 then in effect stated: "If an offer of settlement is accepted within ten days after service of the offer, either party may file the offer, written notice of acceptance, and proof of service with the court, and the clerk shall enter judgment upon the accepted offer of settlement." Colo. Sess. Laws 1995, ch. 232, § 13–17–202(1)(a)(IV) at 1194.

Bumbal timely accepted the offer and filed the offer, the written notice of acceptance, and proof of service with the court. The court then entered judgment in favor of Bumbal on all claims, including the CCPA claim, as required by the former § 13–17–202(1)(a)(IV).

Bumbal sought a determination of law that she was entitled to recover attorney fees and costs pursuant to the CCPA in addition to the settlement amount. The trial court ruled that the offer of settlement, by its plain language, included attorney fees and costs and, therefore, Bumbal could not recover an additional amount. Bumbal then filed a motion for attorney fees pursuant to the CCPA and costs pursuant to the CCPA, C.R.C.P. 54(d), § 13–16–104, C.R.S.2006, and several other statutes. The trial court denied the motion, and this appeal followed.

Although the parties' briefs focus on whether Bumbal is entitled to attorney fees and costs under the then applicable language of § 13–17–202, they also address whether the language of the offer of settlement permits an additional award of attorney fees and costs. We conclude that this dispute can be resolved by considering the latter issue.

## I. Standard of Review

■ The interpretation of a settlement agreement, like any contract, is a question of law that we review de novo. *Humphrey v. O'Connor*, 940 P.2d 1015 (Colo.App.1996).

We review the construction of a statute de novo. *Estate of Wiltfong*, 148 P.3d 465 (Colo. App.2006). When construing a statute, we give the statute its plain and ordinary meaning whenever possible. *Crowe v. Tull*, 126 P.3d 196 (Colo.2006). Our goal is to give effect to the legislative intent. *Crowe v. Tull, supra.*

## II. Offer of Settlement

Bumbal contends the trial court erred in denying her request for attorney fees and costs because Lake Loveland did not mention attorney fees and costs in its offer of settlement, and, therefore, they were not included within the settlement agreement. We disagree.

■ Written contracts that are complete and free from ambiguity will be found to express the intention of the parties and will be enforced according to their plain language. *Ad Two, Inc. v. City & County of Denver*, 9 P.3d 373 (Colo.2000).

Lake Loveland made an offer of settlement as to "all claims." " '[A]ll' is an unambiguous term and means the whole of, the whole number or sum of, or every member or individual component of, and is synonymous with 'every' and 'each.' " *Colo. Dep't of Revenue v. Woodmen of World*, 919 P.2d 806, 814 (Colo.1996) (quoting *Hudgeons v. Tenneco Oil Co.*, 796 P.2d 21, 23 (Colo.App.1990)). A claim is defined in relevant part as "[a] n interest or remedy recognized at law; the means by which a person can obtain a privilege, possession, or enjoyment of a right or thing; cause of action." *Black's Law Dictionary* 264 (8th ed.2004).

Here, Bumbal presented each of her claims for relief in the original complaint, including the claim of consumer fraud pursuant to the

CCPA. Therefore, "all claims" in the offer of settlement encompassed all relief sought on the basis of a claim in the original complaint.

## A. Attorney Fees

Any person found liable under the CCPA is liable for damages plus, "[i]n the case of any successful action to enforce said liability, the costs of the action together with reasonable attorney fees as determined by the court." Section 6–1–113(2)(b), C.R.S.2006.

■ The only basis upon which Bumbal sought attorney fees was pursuant to the CCPA. Therefore, Lake Loveland's offer to settle "all claims" included the CCPA claim and attorney fees pursuant to the CCPA. By accepting Lake Loveland's offer as to "all claims," Bumbal waived any further right to seek attorney fees pursuant to the CCPA. *See Nordby v. Anchor Hocking Packaging Co.,* 199 F.3d 390 (7th Cir.1999). Bumbal does not claim any other basis for an award of attorney fees. Therefore, she is not entitled to attorney fees in addition to the settlement amount.

Our conclusion is supported by decisions of other courts that have interpreted similar offers of settlement. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop.,* 298 F.3d 1238 (11th Cir.2002); *Nordby v. Anchor Hocking Packaging Co., supra; Real Estate Pros, P.C. v. Byars,* 90 P.3d 110 (Wyo.2004).

The Seventh Circuit held that an offer to settle "all claims" unambiguously included a claim for attorney fees even though attorney fees were not mentioned in the offer. *Nordby v. Anchor Hocking Packaging Co., supra.* In *Nordby,* the plaintiff included a demand for attorney fees in its complaint, and the defendant offered to settle for "[o]ne total sum as to all counts of the amended complaint." *Nordby v. Anchor Hocking Packaging Co., supra,* 199 F.3d at 392. The Seventh Circuit held there was no ambiguity in the offer and "there is no doubt that by accepting the defendant's offer the plaintiff in our case abandoned any right to seek attorneys' fees for which he had asked in any of the counts of his complaint." *Nordby v. Anchor Hocking Packaging Co., supra,* 199 F.3d at 392.

A prior Seventh Circuit decision held that a plaintiff may recover attorney fees in addition to the amount in an offer of settlement if provided by statute. *Webb v. James,* 147 F.3d 617 (7th Cir.1998). However, *Nordby* distinguished *Webb* because the offer of settlement there was for "judgment in the above captioned matter," and therefore, was ambiguous as to whether it included attorney fees. *Nordby v. Anchor Hocking Packaging Co., supra,* 199 F.3d at 392.

The Wyoming Supreme Court also concluded that an offer of settlement as to all claims included a claim for attorney fees in the complaint. *Real Estate Pros, P.C. v. Byars, supra.* In *Real Estate Pros,* the plaintiff accepted the defendant doctor's offer of settlement as to "all claims," and the plaintiff sought to recover attorney fees in addition to the settlement amount. The court held:

> We agree with the holding in *Nordby* and find nothing ambiguous about an offer that refers to "all claims" of the plaintiff against the defendant. Dr. Byars' offer "in full and final satisfaction of all claims of Plaintiffs against Defendant" can only mean one amount for settlement of all claims made by the plaintiff, including the claim for attorneys' fees. The lack of the exact words "attorneys' fees" in Dr. Byars' offer does not render it ambiguous when it is considered in its entirety.

*Real Estate Pros, P.C. v. Byars, supra,* 90 P.3d at 115.

Furthermore, the Eleventh Circuit has held that an offer to settle "all claims" includes attorney fees. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., supra,* 298 F.3d at 1243 (citing *Nordby* for the proposition that "[a]n offer that does unambiguously include attorneys' fees, on the other hand, will bar the plaintiff who accepts it from seeking additional attorneys' fees under the relevant statute").

We agree with the Seventh and Eleventh Circuits and the Wyoming Supreme Court that an offer of settlement as to "all claims" unambiguously includes attorney fees where the only claim for attorney fees appears in the complaint.

Bumbal, nonetheless, relies on *Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985), and other state cases adopting *Marek* to support her argument that an offer of settlement does not include attorney fees in certain situations.

However, the basis for the *Marek* decision was specific language in Fed.R.Civ.P. 68 that was not present in the 1995 version of § 13–17–202. Fed.R.Civ.P. 68 states:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, *with costs then accrued.*

(Emphasis added.)

The *Marek* Court held that where the underlying statute on which the claim for costs is based does not define attorney fees as "costs," the plaintiff may recover attorney fees in addition to the settlement amount accepted in an offer of settlement. *Marek v. Chesny, supra.*

However, the holding in *Marek* is based upon the "costs then accrued" language in Fed.R.Civ.P. 68. Because the 1995 version of § 13–17–202 did not include the "costs then accrued" language, *Marek* is distinguishable. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., supra* (holding *Marek* was not dispositive where attorney fees were provided by statute or contract but the offer was silent or ambiguous as to whether the fees were included in the offer).

A line of Colorado cases interpreted an earlier version of § 13–17–202, Colo. Sess. Laws 1990, ch. 100 at 852, and its predecessor C.R.C.P. 68 (repealed July 12, 1990), which, like Fed.R.Civ.P. 68, included "costs then accrued." *See Aberle v. Clark*, 916 P.2d 564 (Colo.App.1995); *Carpentier v. Berg*, 829 P.2d 507 (Colo.App.1992); *Heid v. Destefano*, 41 Colo.App. 436, 586 P.2d 246 (1978). Those cases held that an offer pursuant to the 1990 version of § 13–17–202 implicitly included attorney fees.

However, those cases are distinguishable because the 1995 amendments to § 13–17–202 removed the "costs then accrued" language. Although the division in *Chartier v. Weinland Homes, Inc.*, 25 P.3d 1279 (Colo. App.2001), interpreted the 1995 version of § 13–17–202 to determine whether a plaintiff must pay attorney fees where he rejects an offer, it did not decide whether an accepted offer of settlement includes attorney fees. Therefore, *Chartier* is distinguishable.

We therefore conclude as a matter of law that when an offer of settlement encompasses "all claims," the offer of settlement includes statutory attorney fees sought in the complaint. Thus, we further conclude that Lake Loveland's offer of settlement here encompassed Bumbal's claim for attorney fees under the CCPA.

## B. Costs

Bumbal argues she is entitled to costs (1) because she was a prevailing party on the CCPA claim and (2) pursuant to C.R.C.P. 54(d) and § 13–16–104. We conclude she waived the right to seek costs pursuant to the CCPA and she did not preserve the second asserted bases for recovery.

■ A party held liable under the CCPA must pay "the costs of the action together with reasonable attorney fees as determined by the court." Section 6–1–113(2)(b), C.R.S. 2006. In the previous section, we concluded that the offer of settlement as to "all claims" encompassed every claim within the complaint, including the CCPA claim, which was the sole basis for attorney fees. Likewise, we conclude Bumbal cannot recover costs pursuant to the CCPA because she waived the right to seek costs under the CCPA in addition to the settlement amount by accepting Lake Loveland's offer to settle "all claims." Because of this resolution, we need not determine whether Bumbal was in fact a prevailing party on the CCPA claim.

■ Bumbal, nonetheless, contended at oral argument that she was entitled to costs pursuant to C.R.C.P. 54(d) and § 13–16–104. However, she did not assert these bases to recover costs in either her opening or reply briefs on appeal. Therefore, we do not consider that argument here. *See Bd. of County Comm'rs v. City of Greenwood Village*, 30 P.3d 846, 849 (Colo.App. 2001) (court will not

consider arguments raised for the first time in a reply brief or during oral argument).

We conclude the trial court properly declined to award Bumbal's costs in addition to the settlement amount.

### III. Conclusion

Lake Loveland's offer of settlement did not state explicitly whether it included attorney fees or costs. The record reflects that neither party sought to clarify the question. The settlement agreement here thus failed in its apparent purpose of forestalling further litigation.

In this regard, we agree with Judge Posner's admonition in *Nordby* that "[t]he prudent defendant ... *will* mention [attorney fees] explicitly, in order to head off the type of appeal that we have been wrestling with here." *Nordby, supra,* 199 F.3d at 393. Indeed, Judge Posner's admonition should similarly extend to the prudent plaintiff to ascertain whether an offer of settlement includes attorney fees and costs.

We also note that the General Assembly attempted to clarify the procedure for offers of settlement when it amended § 13–17–202 by eliminating the phrase "with costs then accrued." However, our review of the legislative history indicates that the General Assembly did not consider whether the elimination of that phrase meant that future offers of settlement would or would not include costs and attorney fees. *See* Hearings on S.B. 95–21 before the Senate Judiciary Committee, 60th General Assembly, 1st Session (Apr. 12, 1995); Hearings on S.B. 95–21 before the House Judiciary Committee, 60th General Assembly, 1st Session (May 2, 1995). Accordingly, continued litigation in this area may warrant the General Assembly's reviewing the statute once more. *See* C.A.R. 35(f) (publication appropriate when opinion directs attention to inadequacies in statutes).

The order is affirmed.

Judge WEBB and Judge ROMÁN concur.