2011 WY 103

**Kara DUNHAM, Appellant (Plaintiff),**

**v.**

**Robert FULLERTON, Deceased, Appellee (Defendant).**

**No. S–10–0242.**

Supreme Court of Wyoming.

July 6, 2011.

Representing Appellant: Todd Hambrick, Casper, Wyoming.

Representing Appellee: James D. Bramer, Windsor, Colorado.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1]   Kara Dunham challenges the district court's Order of Dismissal and argues that the court erred in refusing to enter judgment upon her acceptance of a W.R.C.P. 68 offer of settlement.   We affirm.

## ISSUE

[¶ 2]   Dunham raises only one issue before this Court:

1.   Did the lower court commit plain error in failing to enter Judgment against [Fullerton] pursuant to a W.R.C.P. 68 Offer of Settlement and Acceptance of Offer of Settlement?

## FACTS

[¶ 3]   In May of 2009, Kara Dunham filed a lawsuit against Robert Fullerton for injuries stemming from an automobile wreck. Fullerton filed his answer to the complaint on July 13, 2009, and passed away on November 17, 2009.

[¶ 4]   Despite Fullerton's death, the parties' counsel continued to negotiate a settle-

ment. On June 28, 2010, Fullerton's counsel made a Rule 68 offer of settlement of $36,000.00 to Dunham. On July 1, 2010, Fullerton's counsel filed a motion to dismiss, which alleged a failure to substitute party pursuant to W.R.C.P. 25(a)(i). In response, on July 12, 2010, Dunham filed a new civil action, this time against Fullerton's estate, but based upon the same accident.[1] Also on July 12, 2010, Dunham filed her Plaintiff's Notice of Acceptance Pursuant to Rule 68. In addition to accepting the settlement offer, the acceptance also stated:

> By accepting the offer in this case against Robert Fullerton, [Dunham] in no way, expressly or impliedly, admits that the damages she sustained from the event at the center of this lawsuit are limited to the amount offered. By accepting the offer in THIS case, [Dunham] in no way expressly or impliedly or otherwise waives her rights to continue pursuing her claims for her injuries, and expressly reserves her right to continue pursuing her cause of action against the Estate of Robert Fullerton[.]

Fullerton's counsel filed the acceptance along with the offer of settlement. On August 2, 2010, the district court held a hearing on the motion to dismiss, and then entered an Order of Dismissal on August 17, 2010. As part of the Order of Dismissal, the court ruled that Dunham's acceptance was invalid because she attempted to reserve the right to litigate the "estate case," and said in pertinent part:

> 7. On June 28, 2010, counsel for the deceased [Fullerton] made an Offer of Settlement pursuant to W.R.C.P. 68 in Civil Action No. 90390, the terms of which were specifically to allow judgment to be taken by [Dunham], against [Fullerton] in the amount of Thirty Six Thousand ($36,000.00) Dollars, inclusive of [Dunham's] costs incurred to the date of the offer. This offer was filed on July 12, 2010.

> 8. That [Dunham] timely filed an Acceptance of the Offer, but reserved the

right to litigate all issues in Civil Action No. 92250 (the "estate case").

> . . . .

> 10. One cannot agree to a full settlement and at the same time reserve the right to litigate issues that were "settled."

> 11. The Acceptance of Offer is not an acceptance, and judgment in Civil Action No. 90390 cannot be entered.

The court dismissed the action, without prejudice, for failure to substitute a party in accordance with Rule 25(a)(i).

[¶ 5] This appeal followed.

## DISCUSSION

[¶ 6] In her only argument, Dunham contends that the district court erred in refusing to enter judgment pursuant to the settlement and W.R.C.P. 68. First, she argues that due to the uncertainty of the motion to dismiss, she accepted with reservation of rights the offer of settlement. She submits the parties agreed they had a settlement, in that they both filed documents indicating the offer was accepted. Dunham contends that the settlement offers made under Rule 68 are interpreted differently than contract offers in general, and that she actually accepted Fullerton's offer using his exact language.[2] Without the language regarding "full satisfaction of all claims," Dunham argues that her acceptance with reservations only confirmed that she would not waive her right to bring suit in the future. Ultimately, because she accepted, Dunham believes that the court, under Rule 68, was required to enter judgment in her favor.

[¶ 7] Fullerton responds that the court was correct when it refused to enter judgment in Dunham's favor under Rule 68 and submits that his offer of settlement was an offer to allow a judgment to be entered so that the litigation would be completely resolved. Fullerton argues that it was not reasonable for Dunham to interpret the offer to allow a separate claim against the estate.

---

1. Dunham has also filed a third action in Fullerton's probate, where she filed a petition to reopen the estate. In her brief, Dunham asserts that she was not notified of Fullerton's death until after his estate had been summarily distributed.

2. Fullerton did not include in the language of his offer that it was being made as a full satisfaction of all claims.

Furthermore, Fullerton argues that because Dunham's acceptance was not unconditional, she did not validly accept the Rule 68 offer of settlement. The gist of Fullerton's argument is that because her acceptance changed the terms of the offer of settlement, Dunham's acceptance was not unconditional, and, accordingly, the district court correctly ruled that it was invalid because it did not mirror the Rule 68 offer. Fullerton also contends that Dunham ignored the requirements for substituting a party pursuant to Rule 25 and notes that the rule states the action "shall" be dismissed if a motion for substitution is not made on the record within 90 days of notice of the death. Fullerton argues that the action was properly dismissed after no such motion was filed. Finally, Fullerton contends that the action should have been dismissed *with* prejudice, rather than without.

[¶ 8] The purpose of Rule 68 is to encourage settlement:

At any time more than 60 days after service of the complaint and more than 30 days before the trial begins, any party may serve upon the adverse party an offer, denominated as an offer under this rule, to settle a claim for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. As used herein, "costs" does not include attorney's fees. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of set-tlement under this rule, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

*The Real Estate Pros v. Byars*, 2004 WY 58, ¶ 9, 90 P.3d 110, 113 (Wyo.2004).

[¶ 9] Rule 68 accomplishes its objective of encouraging settlement by providing an expeditious process that forces the parties to weigh the costs and benefits of further litigation.

Any party can make a firm, non-negotiable offer of judgment. [*Utility Automation 2000, Inc. v. Choctawhatchee Electric Coop., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002)]. Unlike traditional settlement negotiations in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer *may only accept or reject the offer. Id.* An offer under Rule 68 must be for a definite or ascertainable amount and later proof cannot cure any defect in the offer since the party to whom the offer was made must base its decision to accept or reject solely on what is contained within that offer. *Snodgrass v. Rissler & McMurry Co.*, 903 P.2d 1015, 1018 (Wyo.1995). A Rule 68 offer is not simply an offer of settlement, but an offer that judgment can be entered on specified terms. If the offer is accepted, the court automatically enters judgment in favor of the offeree; if the offer is refused, the case proceeds. The rule encourages plaintiffs to accept reasonable offers through what is referred to as "cost-shifting." It requires a party who refuses an offer, and then ultimately recovers less than the offer amount, to pay the costs incurred by the offeror from the time the offer was made. The rule specifies that those "costs" do not include attorneys' fees. Through this cost shifting, "the Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Util. Automation*, 298 F.3d at 1240 (citations omitted).

*Real Estate Pros,* ¶ 10, 90 P.3d at 113 (emphasis added). An unconditional acceptance of an offer constitutes a meeting of the minds of the parties and establishes a contract. *Givens v. Fowler,* 984 P.2d 1092, 1095 (Wyo. 1999).

[¶ 10] Keeping the above principles in mind, we turn to the facts of this case. Although Dunham argues that her formal written acceptance of Fullerton's Rule 68 Offer of Settlement was an unmodified mirror of Fullerton's offer, we disagree. In review, Dunham's communication of acceptance stated as follows:

> Plaintiff, Kara Dunham ... accepts [Fullerton's] offer to allow judgment to be taken by Plaintiff, Kara Dunham, against Defendant Robert Fullerton in the amount of Thirty Six Thousand ($36,000.00) Dollars, inclusive of Plaintiff's costs incurred to the date of the offer.
>
> *Said acceptance is made in light of the uncertainty of the pending W.R.C.P. 25 motion. By accepting the offer in this case against Robert Fullerton, Plaintiff in no way, expressly or impliedly, admits that the damages she sustained from the event at the center of this lawsuit are limited to the amount offered. By accepting the offer in THIS case, Plaintiff in no way expressly or impliedly or otherwise waives her rights to continue pursuing her claims for her injuries, and expressly reserves her right to continue pursuing her cause of action against the Estate of Robert Fullerton, currently ongoing as set forth in Civil Action No. 92250, Seventh Judicial District, State of Wyoming.* [Emphasis added.]

[¶ 11] Taking into account the emphasized portion of Dunham's "acceptance," we are struck by its modifications (reflected in bold italics above). These modifications change the original offer, which is in direct opposition to the language of the rule. "Unlike traditional settlement negotiations in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or reject the

offer." *Real Estate Pros,* ¶ 10, 90 P.3d at 113. See also Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure: Civil 2d* § 3005 at 106 (1977 and 2011 supp.) (plaintiff's acceptance must be unconditional, and a conditional acceptance will not suffice). The district court recognized the legal requirement that a Rule 68 acceptance must *mirror* the offer. Here, that was not the case, and we thus affirm the court below.[3]

[¶ 12] With respect to Fullerton's argument that the dismissal should have been *with* prejudice: He is ill-situated to make such an argument, inasmuch as he did not appeal. The dismissal without prejudice was proper—it was not an adjudication on the merits, and the statute of limitations has not run.

## CONCLUSION

[¶ 13] We conclude that because Dunham's acceptance was not unconditional, and that because it did not mirror the offer of settlement, she did not validly accept the Rule 68 offer of settlement. Furthermore, the dismissal without prejudice was proper. The district court's order is affirmed.

---

**3.** We note here that we could also affirm this case under W.R.C.P. 25(a)(i), which requires dismissal of a case when no motion for substitution

of parties is made on the record within 90 days of the notice of the death. Any action taken after 90 days is moot, which is the case here.