**William D. and Beverly G. Rule and Danielle Swain
v. Gary G. Tobin and City of Rutland**

[719 A.2d 869]

No. 97-316

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed June 19, 1998

Motion for Reargument Denied July 27, 1998

*Alicia L. Aiken* and *Herbert G. Ogden, Jr.* of *Liccardi, Crawford & Ogden, P.C.*, Rutland, for Plaintiffs-Appellants.

*Shannon A. Bertrand* of *Reiber, Kenlan, Schwiebert, Hall & Facey, P.C.*, Rutland, for Defendants-Appellees.

**Dooley, J.** Plaintiffs, William and Beverly Rule and Danielle Swain, brought a civil rights action under 42 U.S.C. § 1983 against a Rutland police officer, Gary Tobin, and the City of Rutland alleging that Tobin unlawfully entered plaintiffs' apartment and unlawfully arrested Beverly Rule, using excessive force. A Rutland Superior Court jury returned a verdict for defendants, and plaintiffs appeal on a number of grounds, including that the trial court erred in failing to enforce a settlement agreement. We agree that the parties entered into a binding settlement agreement and reverse for entry of judgment consistent with that agreement.

This case was tried twice. On April 10, 1997, between the first and second trials, defendants' attorney sent plaintiffs an offer of judgment which read as follows:

> Now comes defendants . . . and in accordance with the provisions of V.R.C.P. 68, and without prejudice to the rights of the defendant to proceed with the defense and its general denial of liability as envisioned by the rules, makes the following offer of judgment:

The defendant offers to allow the plaintiff to take judgment against it in the amount and to the extent of Four Thousand and no/100 ($4,000.00), having thoroughly reviewed the liability and damages aspect of this case.

On April 15, 1997, plaintiffs' attorney answered, purporting to accept the offer of judgment, as follows:

Assuming the defendants' 10 April Offer of Judgment does not include costs and attorney's fees pursuant to 42 U.S.C. § 1988 or any other entitlement, the plaintiffs accept the defendants' $4,000 offer.

The plaintiffs understand that attorney's fees and costs will be determined in a later hearing pursuant to V.R.C.P. 54(d).

Asserting that they intended to include attorney's fees and costs in the offer, defendants objected to plaintiffs' answer and claimed that the offer had not been accepted.

The court apparently agreed with defendants' position. Over plaintiffs' objection, the court ordered the parties to start over with a new offer and acceptance, if appropriate. It directed that the new offer explicitly cover "everything, including all attorney's fees." Thereafter, defendants submitted an offer of judgment of $7,000, including "all claims for damages, costs, attorney's fees and every other potential claim." Plaintiffs rejected this offer.

On appeal, plaintiffs argue that (1) defendants' offer cannot be interpreted to include attorney's fees, (2) plaintiffs accepted defendants' offer, and (3) the court had no discretion to set aside the resulting agreement. Defendants respond that their offer must be interpreted to include costs and attorney's fees or, alternatively, it was ambiguous and the court had the discretion to rescind it because there was no meeting of the minds. We agree with plaintiffs' position.

The offer of judgment procedure which defendants invoked by their offer is authorized and governed by Vermont Rule of Civil Procedure 68, which provides in pertinent part:

At any time more than 10 days before the trial begins or within such shorter time as the court may approve, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer or within such shorter time as the court

may order the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

Refusal of an offer of judgment may have adverse consequences for the plaintiff depending upon the ultimate result of the case. "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." *Id.*

Except for an irrelevant variation, the rule is identical to Federal Rule of Civil Procedure 68. We have applied this rule on only one occasion, and that precedent is not helpful to the question before us. Because our rule is identical to the federal rule, we look to the "Federal cases interpreting the Federal Rules [as] . . . an authoritative source for the interpretation" of our rule. Reporter's Notes to V.R.C.P. 1. It is particularly appropriate to look to federal law in this case because we are defining the interrelationship between Rule 68 and the attorney's fee provision of the federal Civil Rights Act.

We take the component questions in the order plaintiffs have presented them, looking first at defendants' offer. Our starting point is *Marek v. Chesny*, 473 U.S. 1 (1985), the definitive federal case on the interrelationship between Rule 68 and the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988. In *Marek*, defendant made an offer of judgment, which was refused, and plaintiff obtained a favorable jury verdict. The issue was whether the offer was greater than the verdict, and, if so, whether plaintiff would lose the right to recover attorney's fees because of the effect of Rule 68. The issue required the Supreme Court to determine whether civil rights attorney's fees were "costs" under Rule 68 and, if so, whether defendant's offer included such fees.

The Supreme Court held that attorney's fees recoverable under 42 U.S.C. § 1988 are "costs" as that term is used in Rule 68.

> [T]he most reasonable inference is that the term "costs" in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. . . . [A]bsent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.

*Id.* at 9. 42 U.S.C. § 1988 specifically provides that attorney's fees are awarded "as part of the costs." Thus, civil rights attorney's fees are costs under Rule 68. See V.R.C.P. 68.

The Court specified how Rule 68 deals with costs:

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs.

*Id.* at 6 (internal citation omitted). *Marek* clearly states the options available to a civil rights act defendant in making an offer of judgment under Rule 68: (1) the defendant may make a lump sum offer, explicitly covering all costs, including attorney's fees; or (2) the defendant may make an offer without mentioning costs, thereby leaving them to court determination, and plaintiff will be able to recover costs in addition to the judgment amount.

The leading case on construing offers of judgment in civil rights cases after *Marek* is *Erdman v. Cochise Cty.*, 926 F.2d 877 (9th Cir. 1991). The court reinforced the direction of *Marek* for two main reasons: (1) "a settlement agreement is analyzed in the same manner as any contract, i.e., any ambiguities are construed against the drafter," *id.* at 880; and (2) "any waiver or limitation of attorney fees in settlements of § 1983 cases must be clear and unambiguous." *Id.* Other courts have also emphasized that offers of judgment put particular pressure on plaintiffs because they cannot be freely rejected without consequences; and, therefore, plaintiffs should not be put in the position where ambiguities in the offer might be construed against them. See *Chambers v. Manning*, 169 F.R.D. 5, 8 (D. Conn. 1996); *Said v. Virginia Com. Univ./Med. College*, 130 F.R.D. 60, 63 (E.D. Va. 1990).

■ *Marek* and its progeny hold that failure to explicitly deal with costs, and particularly attorney's fees, in an offer of judgment means that the plaintiff is free to accept the offer and seek attorney's fees and other costs in addition to the amount specified in the offer. See *Chambers v. Manning*, 169 F.R.D. at 8; *Webb v. James*, 172 F.R.D. 311, 314 (N.D. Ill. 1997); *Swan v. Daniels*, 917 F. Supp. 292, 298 (D. Del. 1995); *Sas v. Trintex*, 709 F. Supp. 455, 458 (S.D.N.Y. 1989); *Rohrer v. Slatile Roofing & Sheet Metal Co.*, 655 F. Supp. 736, 738

(N.D. Ind. 1987); *LaPerriere v. Shrum*, 721 P.2d 630, 635 (Alaska 1986). Defendants' offer in this case was silent on costs and attorney's fees. Under *Marek*, we must interpret the offer as allowing plaintiffs to obtain costs and attorney's fees in addition to the judgment amount specified in the offer.

We must next determine whether plaintiffs accepted defendants' offer. In general, we turn to contract law to determine whether there has been a valid offer and acceptance. See *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 399 (8th Cir. 1988). Under contract law, an acceptance of an offer must be unconditional. See *Benya v. Stevens & Thompson Paper Co.*, 143 Vt. 521, 525, 468 A.2d 929, 931 (1983). It must "substantially comply with the terms of the offer" because "[a]n acceptance that modifies or includes new terms is not an acceptance of the original offer; it is a counteroffer . . . ." *Id.*

Defendants argue that plaintiffs' purported acceptance of the offer of judgment was invalid because it was conditional and varied from the terms of the offer. Specifically, they rely on the language of the acceptance that conditioned acceptance on a construction of the offer that allowed plaintiffs to pursue attorney's fees and costs. Defendants argue that plaintiffs' assumption was at variance with their intent in making the offer.

Because we have held that the offer did not have to include attorney's fees and costs within the stated amount, it is clear that plaintiffs' acceptance did not vary the terms of the offer. At best, defendants' argument is that the acceptance is invalid because it was conditional, even if the condition is a correct statement of the legal effect of the offer. We do not believe that the applicable contract formation law is this formalistic.

█ As we have held, the condition imposed by plaintiffs was implied in the offer as a matter of law. In such a case, the acceptance is sufficient to form a contract. See *Chambers v. Manning*, 169 F.R.D. at 7; *Rohrer v. Slatile Roofing & Sheet Metal Co.*, 655 F. Supp. at 738. A leading contract treatise explains the rationale:

> Sometimes an acceptor from abundance of caution inserts a condition in his acceptance which merely expresses what would be implied in fact or in law from the offer. As such a condition involves no qualification of the acceptor's assent to the terms of the offer, a contract is not precluded. Thus an offer to sell land may be accepted subject to the condition that the title is good, for unless the offer expressly specifies

that the offeree must take his chance as to the validity of the title, the meaning of the offer is that a good title will be conveyed.

1 W. Jaeger, Williston on Contracts § 78, at 257-58 (3d ed. 1957); see also Restatement (Second) of Contracts § 59, Comment b, Illustration 3 (1981). Case law supports this interpretation. See *State Dep't. of Transp. v. Providence & Worcester R.R.*, 674 A.2d 1239, 1243 (R.I. 1996) (acceptance not equivocal if offeree merely puts into words that which was already reasonably implied in terms of offer); *In re Lamarre*, 34 B.R. 264, 266 (Bankr. D. Me. 1983) ("[T]he offeree from an abundance of caution may condition his acceptance on a fact which would be implied in fact or in law from the offer."); *Panhandle Eastern Pipe Line Co. v. Smith*, 637 P.2d 1020, 1023 (Wyo. 1981) (acceptance still effective if addition only asks for something implied from offer). Because plaintiffs' acceptance only clarified what they were already entitled to by law, it was unconditional. Accordingly, a valid agreement was entered into between plaintiffs and defendants for a judgment of $4,000, plus costs and attorney's fees.

Finally, we must consider whether the trial court had discretion to set aside the agreement that was reached by plaintiffs and defendants. Rule 68 is drafted in mandatory terms, requiring the clerk to enter judgment on the agreement with no intervention by the judge. Once an agreement is reached, the rule provides no role for the trial judge. Other courts have noted the mandatory nature of the rule and held that the trial court has no discretion to refuse to enforce an accepted offer of judgment:

> Rule 68 also leaves no discretion in the district court to do anything but enter judgment once an offer has been accepted. By directing that the clerk *shall* enter judgment after proof of offer and acceptance have been filed, the explicit language of the rule signifies that the district court possesses no discretion to alter or modify the parties agreement. . . .
>
> From the foregoing it appears that Rule 68 judgments are self-executing. Unlike imposed judgments and ordinary consent judgments, once the parties agree on the terms of a Rule 68 judgment, the court has no discretion to withhold its entry or otherwise to frustrate the agreement.

*Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991); see also *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997) ("We believe that the

mandatory language of the rule leaves no room for district court discretion."). We agree with the federal court precedents that the rule is mandatory and provides no room for trial court discretion to refuse to enforce a binding agreement.

Defendants argue, however, that if a judgment was reached based on the offer and acceptance, the court could relieve them of the judgment under V.R.C.P. 60(b). They believe there are sufficient grounds for relief from judgment because the agreement does not reflect a meeting of the minds and the offer is based on defendants' mistake as to its meaning. See V.R.C.P. 60(b)(1) (relief can be ordered for "mistake, inadvertence, surprise, or excusable neglect"). Since this argument was not presented below, and the superior court refused to enter judgment on the offer rather than granting relief from a judgment, we would ordinarily remand to have the court address it in the first instance. We believe, however, that it would be an abuse of discretion to grant relief under Rule 60(b) in this case. Thus, a remand is unnecessary.

We emphasize that a judgment based on a Rule 68 offer and acceptance is consensual. It can be overturned only for grounds to set aside a contract. See *Mallory v. Eyrich*, 922 F.2d at 1280; *Kanaan v. Kanaan*, 163 Vt. 402, 413, 659 A.2d 128, 135 (1995) (pretrial stipulation may be set aside only for "fraud, unconscionable advantage, impossibility of performance, or hampering circumstances intervening beyond the expectation of the agreeing parties"); see generally 12 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure (2d) § 3005.2, at 116 (2d 1997) ("relief under Rule 60(b) is not readily justified, particularly with judgments based on Rule 68"). There are no such grounds here.

The argument defendants make was rejected in *Sas v. Trintex*, a factually similar case. We find its reasoning persuasive:

> Defendant argues that this court must determine what its intentions were in making the offer and what the plaintiff's assumptions were in accepting it. To subject Rule 68 offers to such collateral proceedings would undermine entirely the purpose of the rule. . . .
>
> The simple and obvious fact of the matter is that the defendant's counsel never anticipated that the plaintiff would accept the offer of judgment and, indeed, that offer would not have been accepted had it included attorney's fees. Defendant's counsel simply erred in failing to protect

against an acceptance of the offer followed by a request for costs, including attorney's fees.

709 F. Supp. at 458; see also *Webb v. James*, 172 F.R.D. 311, 316 (N.D. Ill. 1997) (defendant who submits offer of judgment without specifying that costs and fees are included is not entitled to relief under F.R.C.P. 60(b) when plaintiff submits a request for attorney's fees after accepting offer; although defendant's counsel's statement of his intent is credible, "objective intent" as reflected in offer must control); *Blair v. Shanahan*, 795 F. Supp. 309, 314-15 (N.D. Cal. 1992) (disagreement concerns legal effect of contract, not a term in contract, and thus there was meeting of the minds; unilateral mistake in legal effect of offer not grounds for Rule 60(b) relief). We also agree with the court's observation in *Blair*:

> In "murky" areas of the law, the parties properly bear the risk of entering into agreements that are silent on crucial issues. Imagine a contrary rule: A Rule 68 offer, duly accepted, may be vacated at the offeror's whim when the offeror's research reveals that the probable legal result of a judgment entered pursuant to that offer, concerning an issue *upon which the offer was silent*, is unfavorable. Such a policy would be absurd.

*Id.* at 316.

Our case law is consistent with these decisions. Rule 60(b) does not protect a party from "tactical decisions which in retrospect may seem ill advised," see *Okemo Mountain, Inc. v. Okemo Trailside Condominiums, Inc.*, 139 Vt. 433, 436, 431 A.2d 457, 459 (1981), nor does it protect against counsel's careless ignorance of the law. See *Margison v. Spriggs*, 146 Vt. 116, 120, 499 A.2d 756, 759 (1985).

■ The hallmark of Rule 60(b) intervention is the prevention of hardship or injustice. See *Manosh v. Manosh*, 160 Vt. 634, 635, 648 A.2d 833, 835 (1993). We cannot find either hardship or injustice here. Defendants invoked Rule 68 to obtain a tactical advantage. The case had already once been tried by a jury, and they knew that plaintiffs' attorney's fees far exceeded what they were prepared to offer. Thus, the need to cover plaintiffs' attorney's fees was a major impediment to settlement. Moreover, even the most modest research effort would show that defendants' offer had to cover attorney's fees explicitly. See 12 Wright, Miller & Marcus, *supra*, § 3005.1, at 112-13. To fail in these circumstances to prepare a proper offer of judgment, consistent

with what defendants say was their intent, represents a degree of negligence beyond what is appropriate for our relief.

*Reversed and remanded for entry of judgment in accordance with defendants' offer of April 10, 1997 and further proceedings not inconsistent with this opinion.*