STATE OF VERMONT

ENVIRONMENTAL COURT

|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | } |                          |
| Appeal of Town of Fairfax | } | Docket No. 45-3-03 Vtec |
|                          | } |                          |

## Decision and Order on Pending Motions

The Town of Fairfax and Colleen Steen each appealed from a decision of the Development Review Board (DRB) of the Town of Fairfax, approving Appellee-Applicants= application for Final Plat Approval for an eleven-lot major subdivision.  Appellant Town of Fairfax was formerly represented by Robert E. Farrar, Esq. and is now represented by Joseph S. McLean, Esq.; Appellant Colleen Steen was formerly represented by Gary L. Franklin, Esq. and is now represented by Barbara G. Ripley; Appellee-Applicants Lawrence Young, Sr., Barbara Young, Steven McDonald and Kathleen (formerly Spacapan) McDonald are represented by Vincent A. Paradis, Esq. and Daniel P. O=Rourke, Esq.

Appellant Town has moved for reconsideration of the Court=s decision on summary judgment.  In the alternative, if that motion is denied, the Town moved to amend its statement of questions to add two issues, and requested an evidentiary hearing and a site visit regarding those questions.  Appellee-Applicants request attorney=s fees regarding the work expended on responding to the motion to amend the statement of questions.

## Motion for Reconsideration

Appellant-Town owns property used for its fire station, without frontage on a public street.  The fire station has access to Route 104 over a 25-foot-wide[1] non-exclusive easement[2] running on land owned by Appellee-Applicants McDonald, from the fire station to Route 104, now called Goodall Street (a private street).  Appellee-Applicants Young also hold an easement over the same land to Route 104; their easement is 50 feet in width.

Some of the confusion in this case arises from Appellant-Town=s role in this appeal.  The Town had no standing in its governmental capacity to bring this appeal, as the zoning ordinance is not at issue in the appeal.  Sabourin v. Town of Essex, 146 Vt. 419 (1985).  Rather, as the Court ruled in denying Appellee-Applicants= original motion to dismiss the Town as a party-appellant, the Town only had standing in its proprietary capacity as an adjoining landowner with an easement or right to use Goodall Street for access to the fire station.

The 1987 quitclaim deed of the easement to the Town provided that the Town agreed to construct a road (Goodall Street) over that easement from Route 104 to the fire house property, which was to be Adesigned and constructed so as to satisfy all town zoning and planning requirements for use as public access[3] in connection with future development of the other lands

and premises of the [then-grantors, now Appellee-Applicants].@ The 1988 ZBA decision granting conditional use approval of the fire station required that the Town Ashall have control of the use of@ the Goodall Street easement, and that Athere shall be no parking on@ the Goodall Street right-of-way. It provided that the Town should have access to the whole width of the Goodall Street right of way if it were expanded to a fifty-foot width, and required the Town to erect warning lights and road signs on Route 104.

The Court has fully reviewed the facts and legal issues in the summary judgment motion memoranda, the Court=s decision, and the memoranda on the motion to reconsider, and finds no reason to reconsider or alter its ruling.

All that Appellant-Town owned in its proprietary capacity as of the 1988 ZBA decision was an non-exclusive easement from the fire station property to Route 104, together with the obligation to construct a road on the easement to serve the fire station and Ato satisfy all town zoning and planning requirements for use as public access in connection with future development@ such as Appellee-Applicants= development at issue in the present appeal. All that the 1988 ZBA decision did with respect to Goodall Street, in authorizing Appellant-Town to construct the fire station, was to place conditions on the Town=s use of its easement.

All of the conditions of the 1988 ZBA decision can be read together and harmonized. The focus of those conditions is to ensure that the emergency equipment has safe access to and from Route 104. In that respect, Appellant-Town must prohibit parking on the Goodall Street right-of-way, must erect warning lights and road signs on Route 104, and must be able to control the use of the easement. That control does not entitle Appellant-Town to prohibit the use of the easement by others with rights to it. Nothing in the 1988 ZBA decision impairs the property rights of other owners of the non-exclusive easement or of the land lying under the easement, such as Appellee-Applicants. Rather, the 1988 ZBA decision allows Appellant-Town to regulate the use of the easement so that its use by others with rights to its use will not impair the fire department and other emergency use of the easement. Thus, Appellant-Town could require signs or warning lights at the entrance onto Goodall Street from the development road, or could require the widening of Goodall Street to provide additional clearance for emergency traffic. But even if Appellee-Applicants= predecessors were bound by the unappealed 1988 ZBA decision, Levy v. Town of St. Albans, 152 Vt. 139 (1989), the 1988 ZBA decision simply does not extend to the authority Appellant-Town asserts in its motion. Accordingly, the motion for reconsideration is DENIED.

Motion to Amend

Alternatively, Appellant-Town has moved to further amend its Statement of Questions to raise issues regarding the adequacy of Goodall Street to handle the traffic to be generated by the proposed subdivision.

Appellant-Town first had ample opportunity to raise issues regarding the adequacy of Goodall Street to serve the proposed subdivision when this matter was considered by the ZBA.

Then, in this <u>de novo</u> appeal brought by Appellant-Town in its proprietary capacity, the Town had ample opportunity to raise issues regarding the adequacy of Goodall Street to serve the proposed subdivision when it filed its Statement of Questions in early 2003. After the matter was set for trial on the merits and rescheduled several times at the request of the parties, and after Cross-Appellant had filed an amended Statement of Questions, in late 2003 Appellant-Town filed an amended Statement of Questions to add an eighth question regarding whether Appellee-Applicants= project requires a fifty-foot-wide right-of-way. Appellant-Town had ample opportunity to raise issues regarding the adequacy of Goodall Street to serve the proposed subdivision when it filed its amended Statement of Questions, but did not do so.

Appellee-Applicants moved for summary judgment; Appellant-Town did not file a timely response, but was given an extra month to file the Town=s response to the summary judgment motion. During the briefing of the summary judgment motions Appellant-Town had another opportunity to identify issues or seek to amend its Statement of Questions regarding the adequacy of Goodall Street to serve the proposed subdivision, but did not do so. After the Court ruled on summary judgment, concluding almost all the issues in the Statement of Questions, the parties requested that the trial date already reserved for the hearing of any remaining issues be postponed again, as they thought they would be resolving the case on the basis of the summary judgment ruling.

Appellant-Town=s former attorney asked for an additional two weeks to determine the Town=s position so that he could consult with the new Selectboard as to the Town=s position, as it was then shortly before Town Meeting Day. At a telephone conference held on March 30, 2004, Appellant-Town=s former attorney informed the Court and the other parties that the Town would not be seeking to add any issues to the Statement of Questions, but instead agreed that the judgment order could issue based on the summary judgment ruling, which it intended to appeal.

The following day, Appellant-Town=s new attorney asked the Court=s staff to hold off on issuing the judgment order until he could consult with the former attorney. After several additional weeks, punctuated by several additional telephone conferences, Appellant-Town=s new attorney filed the present motions.

Although motions to amend a complaint are to be liberally granted, and this Court has applied the same concept to requests to amend the statement of questions that establishes the

scope of an appeal from a municipal panel, such amendments may only be made when they do not prejudice the other parties. The purpose of the statement of questions, similarly to that of the complaint, is to give notice to the other parties and to the Court of the issues to be decided in the litigation. However, in municipal zoning appeals, the statement of questions also establishes the scope of the litigation, as the notice of appeal did in Village of Woodstock v. Bahramian, 160 Vt. 417, 424 (1993). The issues now sought to be raised by Appellant-Town were not within the scope of the appeal.

Thus, motions to amend pleadings that could have been granted prior to the trial or other disposition of the case may be equally appropriately denied after the disposition of the case, due to the increase in prejudice to the other parties from an otherwise-unnecessary second proceeding on the merits. This is particularly so in the present case, in which Town availed itself of an opportunity to amend its statement of questions about six months after filing the initial statement of questions, and did not seek to raise the additional issues at that time; and participated in briefing the issues raised by summary judgment without seeking to add the additional issues at that time. Only after the summary judgment motion had been decided in favor of Appellee-Applicants did Appellant-Town first seek to raise the new issues, and that not until after the election of a new selectboard. Even V.R.C.P. 60(b)(1) does not protect a party from tactical decisions which may seem ill-advised in retrospect, or from other free, calculated and deliberate choices. See, e.g., Riehle v. Tudhope, 171 Vt. 626, 627 (2000) (mem.); Rule v. Tobin, 168 Vt. 166, 174 (1998); Okemo Mountain, Inc. v. Okemo Trailside Condominiums, Inc., 139 Vt. 433, 436 (1981). Under the circumstances of this appeal, the prejudice to Appellee-Applicants in addressing a new substantive issue at an otherwise-unnecessary trial outweighs the general policy favoring resolution of issues on their merits.

Appellee-Applicants= request for attorney=s fees in connection with the motion to amend the statement of questions is also denied; the motion was not frivolous.

We will schedule a telephone conference to discuss, among other things, whether the parties might benefit from mediation at this stage of the proceedings.

Done at Berlin, Vermont, this 13th day of June, 2005.

_____
Merideth Wright
Environmental Judge

---

[1] Originally granted in 1987 as fifty feet in width, but revised and accepted by grantee-Town in 1989 as twenty-five feet in width.

[2] In this document we will use the term Aeasement,@ as the term Aright-of-way@ is sometimes used colloquially to mean an actual roadway or private street, rather than referring to the legal right to travel on another=s land.

[3] Any dispute between Appellant-Town in its proprietary capacity and Appellee-Applicants regarding whether Appellant-Town has satisfied this requirement will have to be brought in superior court; such a dispute is beyond the jurisdiction of this Court.