In re: Kevin Maslak, No. 958-12-09 Rdcv (Cohen, J., June 4, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**RUTLAND COUNTY**

|  |  |  |
|---|---|---|
| | ) | |
| **IN RE: KEVIN MASLAK** | ) | **Rutland Superior Court** |
| | ) | **Docket No. 958-12-09 Rdcv** |
| | ) | |
| | ) | |
| | ) | |

**DECISION ON PETITIONER'S MOTION FOR DEFAULT JUDGMENT, FILED MARCH 4, 2010, and MOTION FOR JUDGMENT ON THE PLEADINGS, FILED MAY 11, 2010**

This is a petition for post-conviction relief by Kevin Maslak. In May 2009, Mr. Maslak pleaded guilty to two counts of driving under the influence, three counts of violating conditions of release, and one count of driving with a suspended license. He is currently serving a sentence of 3 to 10 years.

Mr. Maslak now seeks default judgment against the State of Vermont for failing to timely answer his petition. Mr. Maslak is represented by Stephanie B. Foley, Esq. The State of Vermont is represented by Deputy State's Attorney Peter R. Neary.

## BACKGROUND

Kevin Maslak filed his petition for post-conviction relief on December 18, 2009. In his petition, he argues that (1) the district court, in accepting his guilty pleas, failed to ensure they were voluntary, (2) the district court imposed an illegal sentence based upon charges that were pending, and (3) he received ineffective assistance of counsel.

In February 2010, the Court issued an entry order requiring the State to file an answer by March 1. The State failed to abide by this deadline. On March 4, Mr. Maslak filed a motion for default judgment. The State filed its answer on March 26.

On May 11, Mr. Maslak filed a supplemental motion for default judgment and a motion for judgment on the pleadings. With this combined motion, Mr. Maslak included evidence in the form of district court transcripts and the plea agreements. The State responded by opposing both the motion for default judgment and the motion for judgment on the pleadings.

## DISCUSSION

Under V.R.C.P. 55(e), "[n]o judgment by default shall be entered against the State of Vermont . . . unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." The Vermont Supreme Court has yet to address Rule 55(e). The Court has held, however, that "the rules relating to default judgments should be liberally construed in favor of defendants, and of the desirability of resolving litigation on the merits, to the end that fairness and justice are served." *Dougherty v. Surgen*, 147 Vt. 365, 366 (1986) (quoting *Desjarlais v. Gilman*, 143 Vt. 154, 158-59 (1983)). Thus, "[a] default may not be entered unless it appears that a defendant has failed to plead or otherwise defend." *Dougherty*, 147 Vt. at 366-67.

Furthermore, V.R.C.P. 55(e) is substantially similar to F.R.C.P. 55(d). "Because our rule is identical to the federal rule, we look to the Federal cases interpreting the Federal Rules as an authoritative source for the interpretation of our rule." *Rule v. Tobin*, 168 Vt. 166, 169 (1998) (citing Reporter's Notes to V.R.C.P. 1). While default judgments against the federal government are not precluded under the rule, as a practical matter, when the government's default is due to a failure to plead or otherwise defend, a court typically will either refuse to enter a default or, if a default is entered, it will be set aside. 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2702. This view

comports with the "desirability of resolving litigation on the merits, to the end that fairness and justice are served." *Dougherty*, 147 Vt. at 366.

Here, the State has filed an answer, albeit three weeks later than the court-imposed deadline. It has also filed an opposition to the motion for default judgment and the motion for judgment on the pleadings. Thus, the State has not "failed to plead or otherwise defend." *Id*. at 366-67. It seeks to be an active participant in the case and represent the people of Vermont.

"Fairness and justice" will not be served by entering default judgment against the State. This would preclude the people of Vermont from participating in these proceedings because of the filing delay by the State's Attorney's office. Notwithstanding this ruling, the State's Attorney's excuses of heavy case load and unfamiliarity with civil practice are unpersuasive. The State will be expected to strictly comply with all future deadlines and orders regarding this case. Mr. Maslak should not be made to wait, nor should the people of Vermont be put at a disadvantage because of the State's Attorney's inexcusable delay.

Finally, the Court turns to the motion for judgment on the pleadings. "For the purposes of the motion all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." *Thayer v. Herdt*, 155 Vt. 448, 456 (1990). Thus, taking as true as well pleaded facts and inferences from the State's answer, the Court does not find that judgment on the pleadings in appropriate.

Here, the files and records of the case show that Mr. Maslak is possibly entitled to relief. In accordance with 13 V.S.A. § 7133, a hearing will be set to determine the issues and make findings of fact and conclusions of law.

# ORDER

(1) Petitioner Kevin Maslak's Motion for Default Judgment, filed March 4, 2010, is DENIED.

(2) Petitioner Kevin Maslak's Motion for Judgment on the Pleadings, filed May 11, 2010, is DENIED

(3) A hearing will be set to determine the issues and make findings of fact and conclusions of law.


Dated at Rutland, Vermont this _____ day of _____, 2010.


_____
Hon. William Cohen
Superior Court Judge

4