Bishop v. Washburn, No. 18-1-10 Rdcv (Teachout, J., Jan. 17, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**  
**Rutland Unit**

**CIVIL DIVISION**  
**Docket No. 18-1-10 Rdcv**

**Griffin Bishop, et al.,**  
     **Plaintiffs**

**v.**

**Ronald Washburn, et al.,**  
     **Defendants**

### DECISION
### Plaintiffs' Motion to Tax Costs and Interest, filed August 5, 2011

After Plaintiffs accepted an offer of judgment pursuant V.R.C.P. 68, this court entered judgment in favor of each plaintiff on August 8, 2011. Plaintiffs now move to tax costs and interest. Plaintiffs are represented by Joel P. Iannuzzi, Esq. Defendants are represented by Andrew C. Boxer, Esq.

### Costs

The parties dispute whether the offer of judgment made by Defendants was inclusive of costs. The full text of the offer of judgment is as follows:

Rule 68 Offer of Judgment

The Defendants offer to take judgment against them on April Bishop's claims in the amount of $32,500.

The Defendants offer to take judgment against them on Griffin Bishop's claims in the amount of $17,500.

This issue is governed by the Vermont Supreme Court's decision in *Rule v. Tobin*, 168 Vt. 166 (1998). *Rule* addressed whether an offer of judgment under V.R.C.P. 68 was inclusive or exclusive of costs and attorney's fees. The Vermont Supreme Court, following the U.S. Supreme Court's decision in *Marek v. Chesny*, 473 U.S. 1 (1985), held that where an offer of judgment is silent as to whether it includes costs, the plaintiff is allowed to obtain costs in addition to the judgment amount specified in the offer. *Rule*, 168 Vt. at 171.

Here, Defendants' offer of judgment does not reference costs. Nevertheless, Defendants argue that by using the word "claims" they intended to include costs because

Plaintiffs original "claims" as filed in the complaint included a demand for "all costs and other relief as this court deems just and proper."

Defendants' argument stretches the meaning of the word "claims" too far. By any reasonable measure, Defendants' offer of judgment was silent as to whether it was inclusive of costs. They cannot now rely on one sentence out of Plaintiff's complaint to remedy their own apparent neglect in drafting an offer of judgment that failed to specifically address the issue of costs one way or the other. See *Erdman v. Cochise Cty.*, 926 F.2d 877, 880 (9th Cir. 1991) (offers of judgment are construed against the drafter). As Defendants' offer of judgment was silent as to costs, Plaintiffs are entitled to petition for costs.

## Prejudgment Interest

Plaintiffs seek prejudgment interest on medical bills. An award of prejudgment interest is required if the damages, including medical bills, are "liquidated or capable of ready assessment" *Bull v. Pinkham Eng'g Assocs*, 170 Vt. 450, 463 (2000). The parties dispute whether Plaintiffs' medical bills meet this standard.

In *Smedberg v. Detlef's Custodial Serv., Inc.*, 2007 VT 99, 182 Vt. 349, the Vermont Supreme Court addressed the issue of whether medical expenses were "reasonably ascertainable." *Id.* at ¶ 37. The Court concluded that medical expenses are reasonably ascertainable because "[t]he damage measure for medical expenses is simply the reasonable value of the services rendered to the plaintiff." *Id.* Therefore, an award of prejudgment interest is mandatory in the case of medical expenses that flow from a tortfeasor's wrongs. *Id.* at ¶ 38.

Defendants, however, dispute that Plaintiffs should be awarded prejudgment interest because Plaintiffs' claims for damages have never been formally adjudicated, unlike the damages in *Smedberg*. This is true, but it ignores that this case was resolved by an offer of judgment. Once again, the court is left with an offer of judgment which is silent as to whether or not it includes prejudgment interest.

Examining the purpose of prejudgment interest helps answer this question. "Prejudgment interest on compensatory damage awards is meant to restore—to the extent possible—harmed plaintiffs to the financial position they would have enjoyed but for the tort." *Smedberg*, 2007 VT 99, at ¶ 39. Prejudgment interest, unlike costs or attorney's fess, is a fundamental part of Plaintiffs' substantive claim. The Court concludes, therefore, that any award of prejudgment interest for Plaintiffs' medical expense was included in Defendants' offer of judgment. This is a fair reading of the word "claims" as used in the offer of judgment.

Many other courts examining this issue in similar contexts have reached the same conclusion. Courts note that because prejudgment interest is intended to be compensatory and not punitive, it is logical that it be included in a lump sum figure that purports to settle all claims. See, e.g., *Encompass, Inc. v. Alford*, 444 So. 2d 1085, 1088 (Fla. Dist.

Ct. App. 1984) (concluding that "an offer of judgment which contains only a single figure includes all elements of damages attributable to plaintiff's cause of action, including the damage resulting from deprivation of the use of the money").

Furthermore, prejudgment interest is only awarded as to damages that are "liquidated or capable of ready assessment" *Bull v. Pinkham Eng'g Assocs*, 170 Vt. 450, 453 (2000). Although medical bills fall into this category, Plaintiffs complaint also includes demands for damages that are not readily fixed, such as pain and suffering. Because the offer of judgment settled all of Plaintiffs' claims, the court is in no position to determine what fraction of the settlement was intended to go towards Plaintiffs' medical expenses. See, e.g., *Hughes v. Burlington N. R.R.*, 545 N.W.2d 318, 322 (Iowa 1996) (holding that when an offer of judgment is silent as to prejudgment interest, the court will not add it because the precise amount of interest would be indeterminable).

Unlike costs, prejudgment interest goes to the merits of Plaintiffs' claims and is intended to be compensatory. The most logical reading of the offer of judgment, which included a lump sum that settled all claims, is that it included prejudgment interest. Plaintiffs' request for prejudgment interest on medical expenses is denied.

## ORDER

Plaintiff's Motion is *granted* as to costs and *denied* as to prejudgment interest.

Dated this 17th day of January, 2012.

_____
Hon. Mary Miles Teachout
Superior Court Judge