Bishop v. Washburn, No. 18-1-10 Rdcv (Teachout, J., Jan. 17, 2012)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Rutland Unit** | **Docket No. 18-1-10 Rdcv** |

**Griffin Bishop, et al.,**
    **Plaintiffs**

**v.**

**Ronald Washburn, et al.,**
    **Defendants**

### DECISION
### Defendants' Motion for Relief From Judgment, filed August 8, 2011

This case arose out of the personal injuries suffered by Plaintiffs when a deck collapsed at Defendants' property. On July 18, 2011, shortly before the scheduled trial in this matter, Defendants filed Offers of Judgment with the court pursuant to V.R.C.P. 68. Plaintiff April Bishop filed a Notice of Acceptance on July 28, 2011, and Plaintiff Griffin Bishop filed a Notice of Acceptance on August 1, 2011. Accordingly, this court entered judgment in favor of each plaintiff on August 8, 2011.

Defendants now move for relief from these judgments, pursuant to V.R.C.P. 60(b). They assert that the Offers of Judgment were no longer valid at the time Plaintiffs purported to accept them. Defendants are represented by Andrew C. Boxer, Esq. Plaintiffs are represented by Joel P. Iannuzzi, Esq.

Under Rule 68, a defendant may serve on a plaintiff an offer of judgment. Unless the court otherwise specifies, a plaintiff has ten days to serve written notice and accept the offer. V.R.C.P. 68. Upon receipt of notice and proof of service, the clerk shall enter judgment. *Id*. V.R.C.P. 68 is nearly identical to F.R.C.P. 68 and thus Vermont courts look to federal case law interpreting the rule as authoritative sources. *Rule v. Tobin*, 168 Vt. 166, 169 (1998).

The dispute here is whether Plaintiffs rejected and therefore nullified Defendants' offers of judgment, before purporting to accept them. Defendants argue that by continuing to engage in settlement negotiations once they received the offers of judgments, Plaintiffs rejected Defendants' offer and created their own counteroffer that extinguished Defendants' original offers of judgments. Plaintiffs argue that they had ten days under the rule to accept the offers of judgment and note that during the course of settlement negotiations they reserved their right to respond to the offers of judgment.

In general, courts apply principles of contract law in construing disputes that arise over offers of judgment. *Rule*, 168 Vt. at 169. It is a well-settled tenet of contract law that in order for a binding contract to be formed the acceptance must not vary the terms of an offer. *Ackerman v.*

*Carpenter*, 113 Vt. 77, 81 (1943). This principle applies with equal force in cases under Rule 68. See 12 Wright, Miller, Kane & Marcus, Federal Practice and Procedure: Civil 2d § 3005 ("Plaintiff's acceptance [of an offer of judgment] must be unconditional, and a conditional acceptance will not suffice.") These pronouncements, however, do not answer the specific question in this case because the acceptance of the offers of judgment here did not alter their terms. Rather, Plaintiffs, within the ten-day statutory period, served and filed acceptances that matched the terms of the offer. The issue here is if Plaintiffs' ongoing settlement discussions extinguished the original offers of judgment before the ten-day period provided for by Rule 68 expired.

The majority of courts that have addressed this issue, under provisions analogous to V.R.C.P. 68, have concluded that a counteroffer does not terminate the original offer of judgment. See, e.g., *Shelton v. Sloan*, 977 P.2d 1012 (N.M. Ct. App. 1999); *Butler v. Smithfield Foods, Inc.*, 179 F.R.D. 173 (E.D.N.C. 1998); *Dussault v. Seattle Pub. Sch.*, 850 P.2d 581 (Wash. Ct. App. 1993). These courts put forward a variety of sound rationales as to why a plaintiff's counteroffer should not terminate a defendant's original offer of judgment.

First, the language of Rule 68 supports Plaintiffs' interpretation. Rule 68 states, "If within ten days after the service of the offer … the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk *shall* enter judgment." V.R.C.P. 68 (emphasis added). The language of the rule explicitly gives Plaintiffs ten days to accept an offer of judgment and requires the clerk to enter the judgment if given notice of its timely acceptance. This language indicates that an offer of judgment is to remain open for the full ten-day period.

Second, it is well-established that a defendant does not have the power to revoke an offer of judgment made under Rule 68 until the ten-day period has expired. See, e.g., *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 769 (D.C. Cir. 1995). Although this limitation does not squarely answer the question presented here, it does offer guidance. If Defendant cannot deliberately withdraw the offer during the ten-day period, it would make little sense that Plaintiffs could accidentally extinguish it even while purporting to reserve their right to accept it. Instead, these holdings support the interpretation that the language of Rule 68 requires an offer of judgment to remain open for the full ten-day period.

Third, allowing Plaintiffs to make counteroffers without terminating the original offer of judgment supports Rule 68's rationale of encouraging settlements. As courts widely acknowledge, the fee-shifting provision of Rule 68 puts a good deal of pressure on Plaintiffs to make an accurate calculation as to the value of their claim. See, e.g., *Richardson*, 49 F.3d at 769; *Shelton*, 977 P.2d at 1017. As a tradeoff to this pressure to settle, Plaintiffs should be entitled to the full ten-day period to make this often difficult decision. See *Shelton*, 977 P.2d at 1017 ("Given the consequences when the plaintiff errs in rejecting what turns out to be a good offer, it seems appropriate to permit the plaintiff the full ten days to investigate the case, including exploring alternative settlement possibilities.").

Finally, this conclusion comports with principles of contract law. An offer of judgment under Rule 68 can be thought of as an irrevocable option. Under traditional contract law, a

2

counteroffer does not terminate an offer if the initial offer was itself irrevocable; therefore, because an offer of judgment under Rule 68 is not revocable within the ten-day period, a counteroffer to an offer of judgment does not extinguish the original offer. *Butler v. Smithfield Foods, Inc.*, 179 F.R.D. 173, 175 (E.D.N.C. 1998). This conclusion applies with even more force here where Plaintiffs, though engaging in continuing settlement negotiations, explicitly reserved their rights to act on the offer of judgment.

For all of these reasons, the Court concludes that Defendants' offers of judgment remained valid offers at the time Plaintiffs accepted them. Because Plaintiffs accepted the offers of judgment within the ten-day period, the Court properly entered judgment in this case. Defendants' argument that judgment must be set aside does not withstand analytic scrutiny.

## ORDER

Defendants' Motion for Relief From Judgment is *denied*.

Dated this 17th day of January, 2012.

_____
Hon. Mary Miles Teachout
Superior Court Judge
