*Laverack v. Landgrove*, No. 285-8-14 Bncv (Wesley, J., July 29, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT                                      CIVIL DIVISION
Bennington Unit                                     Docket No. 285-8-14 Bncv

---

| Laverack et al vs. Town of Landgrove, Vermont |
|---|

## ENTRY REGARDING MOTION

Count 1, Appeal - Board of Civil Authority (285-8-14 Bncv)

Title:          Motion to Compel RE Dart Everett opinion and ap (Motion 3)
Filer:          Cordelia Laverack
Attorney:       Karen McAndrew
Filed Date:     June 8, 2015

Response filed on 06/22/2015 by Attorney Robert E. Woolmington for Defendant Town of Landgrove, Vermont
Response filed on 07/06/2015 by Attorney Karen McAndrew for Plaintiff Cordelia Laverack

**The motion is DENIED.**


This tax assessment appeal returns to the Court on a motion to compel production of the expert report and property appraisal prepared by real estate appraiser Dart Everett. Mr. Everett was informally disclosed as a retained expert appraiser by Defendant Town on November 26, 2014. Yet, after he had completed his inspection and report, the Town decided it did not wish to use his materials for trial. In March 2015, the Town retained a new expert to appraise the property and alerted Plaintiff it only intends to call this second expert at trial.

Plaintiff trustee now seeks a copy of Mr. Everett's report, claiming she is entitled to it under the discovery rules normally applicable to experts who will testify at trial. *See* V.R.C.P. 26(b)(4)(A)(iii). She argues that the Town's announcement that it had "retain[ed]" Mr. Everett amounted to a designation of him as a trial expert. She argues it is now too late to re-designate Mr. Everett as a consulting expert alone, and thus the report must be produced along with the "basis and reasons for the opinions" expressed therein. *Id*.

The Town strongly disagrees. Primarily it relies on V.R.C.P. 26(b)(4)(D), which provides that a non-medical report by a party's expert who "is not expected to be called as a witness at trial" is subject to discovery only "upon a showing of exceptional circumstances" related to the opposing party's need. The Town relies on cases from many federal jurisdictions which permit a party to reclassify its trial expert as a consulting, or non-trial expert, to bring it under this

provision. The Town further contends that Plaintiff's use of the report would result in undue prejudice and confusion.

When confronting discovery disputes, Vermont Superior Court judges have "broad discretion." E.g., *Stella ex rel. Estate of Stella v. Spaulding*, 2013 VT 8, ¶ 15, 193 Vt. 226. "'So long as the trial court ha[s] a reasonable basis for its actions,'" it may limit the scope of discovery within the confines of the procedural rules in any way it deems appropriate. *Id.* (quoting *State v. Lee*, 2007 VT 7, ¶ 11, 181 Vt. 604); see also V.R.C.P. 26(b).

Two separate procedural rules are potentially applicable to the disclosure of the expert report in this case. The first, on which Plaintiff relies, allows a party to request production of "any final report of the opinions to be expressed by an expert who has been identified . . . as an expert whose opinions may be presented at trial." V.R.C.P. 26(b)(4)(A)(iii). As the Rule makes clear, this method is available only for final reports of designated trial experts. The second, relied upon by the Town, exempts from disclosure the reports or opinions of an expert "who has been retained . . . by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial." V.R.C.P. 26(b)(4)(D). In other words, if a party does not expect to call its expert at trial, the opposing party may not normally obtain copies of his reports. This Rule contains exceptions, but they are not alleged to apply in this case.

While these Rules may suggest there are only two types of experts in Vermont practice (trial experts and non-trial experts), in fact the four categories acknowledged under the Federal Rules of Civil Procedure exist in this State.[1] As described by the Tenth Circuit, these include: "(1) Experts a party expects to use at trial" and which have been retained; "(2) Experts retained or specially employed in anticipation of litigation or preparation for trial but not expected to be used at trial"; (3) "Experts informally consulted in preparation for trial but not retained"; and (4) "Experts whose information was not acquired in preparation for trial," who were not retained, and who are not contemplated by the specialized Rules on expert discovery at all. *Ager v. Jane C. Stormont Hosp. & Training Sch. For Nurses*, 622 F.2d 496, 500–01 (10th Cir. 1980) (quoting Wright & Miller, Federal Practice and Procedure : Civil § 2029). Thus, there are two types of retained experts, one type of consulting expert, and one type of event or non-specially employed expert. The two types of retained experts are those referred to in the two Rules quoted above: trial and preparation.

While Plaintiff protests what she describes as the Town's effort to *re*classify a trial expert as a consulting expert, the Court finds no basis for this objection. The Town never designated Mr. Everett as a trial expert, but merely as a "retain[ed]" expert. Appellants' Mot. Compel, Ex C. This relatively broad term includes both trial experts and preparation experts. Therefore, no reclassification or re-designation was required to bring Mr. Everett within the realm of experts not expected to testify at trial. He had not previously been fully designated as a trial expert.[2]

---

[1] Because the Vermont Rules are similar to the Federal Rules in this regard, authorities addressing the Federal Rules provide persuasive guidance to Vermont courts. See, e.g., *Rule v. Tobin*, 168 Vt. 166, 169 (1998) (quoting Reporter's Notes to V.R.C.P. 1).

[2] Plaintiff argues in her memoranda that the Town should be estopped from taking advantage of its ambiguous "retain[ed]" expert designation. She indicates that this designation, combined with the fact that Mr. Everett was the

Under the circumstances presented here, the Rule relied upon by the Town squarely controls the issue. Because Mr. Everett is an expert "who has been retained . . . in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial," Plaintiff's access to his opinions and reports is severely restricted. V.R.C.P. 26(b)(4)(D). She has not alleged that either exception to this Rule applies, and indeed the Court finds that this case does not involve a medical examination nor present "exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." *Id*. To the contrary, as Plaintiff has retained her own expert to appraise her property, she has already obtained facts or opinions on the matter by other means. Any use to which she would put Mr. Everett's report would generate only cumulative evidence, not enhancing the factfinder's truthseeking ability, but rather likely to be productive of confusion given the designation by both parties of experts who are expected to testify at trial. See also *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 243–44 (N.D. Iowa 1996).

**WHEREFORE,** it is hereby **ORDERED** : Plaintiff's motion to compel expert report is **DENIED.**

Electronically signed on July 29, 2015 at 11:47 AM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Karen McAndrew (ERN 2312), Attorney for Plaintiff Elizabeth Laverack
Karen McAndrew (ERN 2312), Attorney for Plaintiff William Laverack
Karen McAndrew (ERN 2312), Attorney for Plaintiff Cordelia R. Laverack
Karen McAndrew (ERN 2312), Attorney for Plaintiff William Laverack
Karen McAndrew (ERN 2312), Attorney for Plaintiff Cordelia Laverack
Robert E. Woolmington (ERN 3047), Attorney for Defendant Town of Landgrove, Vermont
Neutral Mediator/Arbitrator/Evaluator Potter Stewart

---

*only* witness the Town disclosed, led her to believe Mr. Everett would be the Town's trial witness. The Court need not determine whether principles of estoppel might conceivably be brought to bear regarding an arguably ambiguous designation of an expert, because Plaintiff here has not established that her reliance operated to her detriment. See, e.g., *Wesco, Inc. v. City of Montpelier*, 169 Vt. 520, 524 (1999). The Court cannot find any prejudice will result from permitting the Town to clarify its retention of Mr. Everett, especially in light of the fact that Plaintiff has procured her own expert.